**Rudolph Valle TORRES, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 1951.

Supreme Court of Alaska.

April 19, 1974.

Herbert D. Soll, Public Defender, Anchorage, David C. Backstrom, Asst. Public Defender, Fairbanks, for appellant.

John H. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., Fairbanks, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

FITZGERALD, Justice.

During the evening of November 2, 1972, the appellant, Rudolph Valle Torres, persuaded two young girls to' ride in his automobile. After driving around the vicinity of Fairbanks, Alaska, they stopped in an isolated area and drank beer and smoked marijuana. After a couple of hours, one of the girls was left at a gas station. The remaining girl, fourteen years old, expressed her desire to be taken home. She was persuaded, however, by Torres to have dinner with him. En route to the restaurant, Torres drove off the main road and onto a remote side road.

Here Torres made unwelcome sexual advances. The girl became alarmed and managed to escape from the vehicle. Torres overtook her and, when she began to scream for help, pinned her down and struck her. The girl, crying, re-entered the vehicle. Torres struck her several more times. He then removed her clothes and had intercourse with her. Afterwards, the girl was taken to the airport where Torres bought her a soft drink. Torres eventually released her in the vicinity of the apartment house where she lived. She went to an apartment occupied by friends. The girl's mother arrived moments later. The girl, emotionally upset, told them she had been raped. She was taken to a hospital for medical attention and the state police were summoned.

Appellant was quickly arrested and made an oral admission that he had engaged in "sex" with the girl.[1] He was subsequently indicted for the offenses of dispensing marijuana to a minor in violation of AS 17.12.010 and rape in violation of AS 11.-15.120. At the trial the offense of dispensing marijuana to a minor was dismissed at the state's request. He was tried on the rape charge and upon conviction was sentenced to twenty years' imprisonment to run concurrently with a sentence imposed in a previous conviction for lewd and lascivious acts toward a minor.[2] He now appeals from the conviction and from the sentence. In connection with his appeal from the conviction, the appellant claims the trial judge committed error by admitting evidence and testimony relating to his driver's license and by failing to give a requested instruction.

After the state rested its case in chief, appellant's counsel moved for a judgment of acquittal, claiming the state had failed to establish the age of the appellant at the time of the offense.[3] The trial judge denied the motion and at the request of the state's attorney allowed the state to reopen to present additional testimony. The state attempted at that time to introduce a xerox copy of the appellant's driver's license. Appellant's counsel objected, principally on the grounds of the best evidence rule. The trial judge sustained the objection and ordered the original produced. After the original was produced, appellant's counsel objected to its admissibility on the grounds that since the license was part of appellant's personal property held for him at the jail, a search warrant was necessary to obtain the license.[4] Appellant's counsel contended that since the court failed to issue a search warrant, the original should not be admitted into evidence. The court rejected appellant's argument and ordered that a xeroxed copy of the license be marked and admitted into evidence.

Appellant contends that the search of his personal effects at the jail was an illegal search. Since the warrantless search did not fall under one of the exceptions to the warrant requirement enumerated in Erickson v. State, 507 P.2d 508, 514–515 (Alaska 1973), appellant contends that the evidence should have been excluded. Assuming *arguendo* that the search of appellant's personal effects at the jail was not permissible, we hold that the admission of the driver's license into evidence to establish appellant's age was harmless beyond a reason-

---

1. According to the arresting officer, Torres' use of the word "sex" connoted "making out or kissing or something along that line," not sexual intercourse.

2. AS 11.15.134.

3. AS 11.15.120 provides in pertinent part:
   A person who . . . being 16 years of age, carnally knows and abuses a female person under 16 years of age, with her consent, is guilty of rape.

Since the statute requires the perpetrator of the crime to be at least 16 years old, defense counsel contended that the state failed to prove a critical element of the charge.

4. Appellant's counsel also objected on the grounds that the original did not satisfy the public documents exception to the hearsay rule because it was not certified.

able doubt. Burford v. State, 515 P.2d 382 (Alaska 1973).

At the trial Torres' age was referred to by at least two witnesses. According to the girl, after the assault she was taken to the international airport coffee shop. There she was recognized as a former babysitter by a waitress. When her order was taken by the waitress, the girl purposely requested an alcoholic drink in the hopes that the waitress would remember her tender age and summon the police. Instead, the order was refused. Thereafter the girl and Torres left the coffee shop. Later that evening Torres returned to the same coffee shop. At that time the waitress asked Torres if he knew how old the girl was. Under direct examination, the waitress related his response:

"Q. What age did he tell you?

A. Fourteen.

Q. Is there any reason you were talking to him about being—about [the girl's] age?

A. Well, he looked a little bit too old for her. More like a father type, and I knew he wasn't her father."

■ Appellant was interrogated by the state trooper after his arrest. In connection with this interrogation, the trooper testified:

"A. After he admitted to having sex with the girl the night before, there was some discussion between him and myself—the discussion went— I don't recall exactly, but I made mention to him that the girl was only 14 years old, and there was some discussion about perhaps he was a little bit too old for the girl."

From this testimony[5] and from the jury's own observation at trial,[6] there was overwhelming evidence, wholly apart from the driver's license, that appellant was over the age of sixteen at the time of the offense.

Appellant's second claim of error in connection with his conviction concerns the trial court's refusal to include appellant's jury instruction which would have required consent as an essential element of the crime. Appellant construes AS 11.15.120 as requiring a girl's consent to sexual intercourse before a person can be convicted under this statute. When this suggestion was first put to the trial judge, he regarded the proposal as preposterous. We agree.

■ The clause "with her consent" in the statute makes it clear that the consent of a female under 16 years of age furnishes no defense. The crime is committed upon such a person with or without her consent since she is in law incapable of consent. Radke v. State, 107 Ohio St. 399,

---

5. Other testimony included an admission by Torres that he had been in the United States since 1948. This evidence was presented in an interrogation of Torres limited specifically to determine if the officer informed the defendant concerning his rights under Miranda v. State, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The arresting officer testified without objection that the prosecutrix had described Torres as approximately twenty-eight years of age. In fact, Torres was forty-four years old at the time of the offense.

6. At the trial Torres was pointed out to the jury by at least two witnesses. On the subject of determining age from appearances, Wigmore states,

Experience teaches us that corporal appearances are approximately an index of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted

and weighed for what it may be in each case worth.
2 J. Wigmore, Evidence § 222, at 5 (3d ed. 1940). *See also* State v. Dorathy, 132 Me. 291, 170 A. 506, 508 (1934) ("We find, however, a very respectable collection of authorities which hold that one's personal appearance may be observed by the jury, in connection with other evidence or standing alone, for the purpose of determining his or her age."). *Cf.* State v. Fries, 246 Wis. 521, 17 N.W.2d 578, 579 (1945) (". . . [I]t appears that the weight of authority is that the physical appearance of a defendant may be observed by the jury *in connection with other evidence* for the purpose of determining his or her age." (emphasis added)) ; People v. Grizzle, 382 Ill. 11, 44 N.E.2d 917, 922 (1942) ("The jury cannot fix the age of the defendant from their observation of him during the trial in the absence of any other evidence.").

140 N.E. 586 (1923). Since this is so, it was not necessary to establish her consent as an essential element of the crime.

We turn now to appellant's sentence appeal. The penalty provided by law for this particular offense is imprisonment in the penitentiary for any term of years.[7] Torres had been previously tried and convicted on a charge of lewd and lascivious acts toward an eight year old child. We affirmed that conviction in Torres v. State, 519 P.2d 788 (Alaska, 1974). We noted in the circumstances of the previous case that Torres entered the bedroom of the sleeping child in the early morning hours and attempted intercourse with her. Within sixty days after receiving a ten-year sentence for lewd and lascivious conduct and while at liberty pursuant to an appeal bond, Torres committed the present offense. This recidivism properly played a significant factor in assessing the present sentence. In addition, as presented in the probation officer's presentence report, Torres had a substantial accumulation of prior convictions involving immigration violations. On the basis of this sentencing data, the trial court imposed a twenty-year sentence to run concurrently with the previously imposed ten-year sentence.

■■ In order for a reviewing court to modify a lower court sentence, a review of the record must show that the sentencing court was clearly mistaken in imposing the sentence.[8] The trial judge, faced with two offenses involving sexual assaults upon girls of tender years, was warranted in believing that Torres was a dangerous offender. The first assault occurred in the girl's residence during the early morning hours. The second assault occurred on a remote side road and was accompanied by physical violence and intimidation. The trial court did an excellent job of analyzing the particular facts of this case in relation to the standards of Chaney v. State, 477 P.2d 411 (Alaska 1970); our independent review of the record compels us to conclude that the trial court was not mistaken in invoking a twenty-year sentence.

Affirmed.

7. AS 11.15.130(a).

8. McClain v. State, 519 P.2d 811 (Alaska, 1974).