Patrick Michael AMES, Appellant,

v.

STATE of Alaska, Appellee.

No. 2145.

Supreme Court of Alaska.

June 26, 1975.

---

## ORDER ON PETITION FOR REHEARING

Appellant has moved for rehearing on the basis that the court has a misconception of the facts of the case and that the transcript demonstrates that appellant in fact followed the proper procedure in attempting to impeach the witness with a prior inconsistent statement. After reviewing the record we grant limited rehearing to modify the opinion.

It is ordered that page 6 of the opinion dated April 3, 1975 is modified to read as follows:

The Alaska rule[2] provides that a witness may be impeached by prior inconsistent statements provided the statements are shown to the witness before any questions are asked concerning them.[3] The superior court erred in prohibiting the defense attorney from showing the statement to the witness and questioning her in regard to the statement. However, even assuming the previous statement to be in conflict with the answer given at trial,[4] the subject matter and the extent of conflict are of such a trivial nature as to be without effect on appellant's substantive rights. The court's action was therefore harmless error.

Footnotes 2 (page 5), 4 and 5 (page 6) are deleted, and footnote 3 is renumbered footnote 2. Footnotes 6, 7, 8 and 9 (on pages 7–9) are renumbered 5, 6, 7 and 8 respectively. New footnotes 3 and 4 are added as follows:

3. *See* McMaster v. State, 512 P.2d 879, 884–86 (Alaska 1973) (Connor, J. dissenting); McCormick's Law of Evidence § 37, at 72 (2d ed. E. Cleary 1972). Prior inconsistent statements may be admitted on this basis even though they deal with collateral matters. *Id.* § 36 at 70–71; 3A J. Wigmore, Evidence, § 1023 at 1018–20 (Chadbourn rev. 1970). Since inconsistent statements may be used as substantive evidence, the testimony with which the previous statement is inconsistent should be material. 2 C. Torcia, Wharton's Criminal Evidence § 468 at 410–12 (13th ed. 1972). *See* Beavers v. State, 492 P.2d 88, 94 (Alaska 1971).

4. At the preliminary hearing the witness stated:

The floor is very, very hard and you can hear anybody. You know, even bare feet, you can hear them walking.

At the trial the witness answered the question of whether she could hear anyone walking in their bare feet as follows:

If they're pretty heavy, I mean—'cause sometimes my brother will walk around in bare feet and you can't hear him.