John Raymond FERGUSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3890.

Supreme Court of Alaska.

Feb. 2, 1979.

**44**

E. J. Fyfe, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and CONNOR, RABINOWITZ, BURKE and MATTHEWS, Justices.

## OPINION

BURKE, Justice.

The issue in this appeal is whether the superior court imposed excessive sentences upon one convicted of the commission of crimes charged in a seven-count felony indictment.[1] Our task in such a case is to determine whether the court below was "clearly mistaken" in imposing the sanction that it did. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

In the late evening hours of September 5, 1977, appellant John Raymond Ferguson, his brother, and a mutual friend, robbed several persons in a tavern on the Glenn Highway known as the Pole Lock Farm Bar. The robbery had been planned in advance and, although it is not entirely clear with whom the idea originated, it is quite apparent that appellant was an active and willing participant. For example, in his statement to the police, in response to an inquiry as to why the Pole Lock Bar was selected, Ferguson stated: "I don't know, it wasn't my idea to get that bar myself. I wanted to get one closer to town, we'd stand a better chance of getting away, it seemed better than being on the highway."

When the three men entered the bar, appellant and his brother each carried a loaded shotgun. Four customers and the bartender were present. The victims were ordered to lie on the floor and appellant advised them to give him their wallets and purses. When one of the victims failed to comply with his instructions, he "jammed the gun into the [victim's] back." Appellant then led the bartender outside the tavern and ordered him to start running, which he did. The three robbers thereupon got into their vehicle and fled from the scene. Appellant emptied the wallets and purses that had been taken and threw them out of the car window as they proceeded toward Anchorage. A short while later, two officers of the Alaska State Troopers spotted the fleeing vehicle and gave pursuit. Each was driving a marked patrol vehicle. In the high-speed chase that ensued, appellant rolled down the left rear window of his own vehicle and fired two shotgun blasts, one at each of the patrol cars. Fortunately, neither trooper was injured, although their vehicles were struck by the shotgun pellets. After the shots were fired, the troopers gave up the chase, due to the danger to other persons on the highway, and the three robbers made good their escape. Eventually, appellant made his way to Homer, Alaska, where he took a ferry to Kodiak, his mother's place of residence. He was arrested in Kodiak three days after the robbery.

Following his arrest, appellant was indicted on multiple counts, including robbery,[2] attempted robbery[3] and assault with

---

1. The appeal of a sentence imposed by the superior court, "on the ground that the sentence is excessive," is authorized by AS 12.55.120(a). In an appeal brought pursuant to that section, "it is our duty to examine the proceedings below . . . in light of the nature of the crime, the defendant's character, and the need for protecting the public." *State v. Chaney*, 477 P.2d 441, 443 (Alaska 1970).

2. AS 11.15.240 provides: "A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year."

3. An attempt to commit a robbery is punishable by imprisonment "for a term not more than half the longest period prescribed as a punishment for the crime" attempted. AS 11.05.020(1); AS 11.15.240.

a dangerous weapon.[4] He entered pleas of guilty to all counts and received the maximum sentence[5] on each count as follows:

| | | |
|---|---|---|
| COUNTS I–IV | (Robbery) | –– 15 years |
| COUNT V | (Attempted Robbery) | –– 7 years |
| COUNTS VI & VII | (Assault with a dangerous weapon) | –– 10 years |

All sentences were made to run concurrently.

Imposing the maximum sentence necessitates a determination that Ferguson is among the "worst type of offender" committing the offenses in question. *Donlun v. State*, 527 P.2d 472, 474–75 (Alaska 1974); *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971). In its sentencing remarks, the court discussed Ferguson's acts with counsel in terms of "the most serious type of [armed robbery]." While the court did not expressly classify Ferguson as the "worst type of offender," the record provides ample basis for such classification. *See Wilson v. State*, 582 P.2d 154, 157 n.3 (Alaska 1978). The "gang" nature of the crime, the use of a weapon to threaten the victims, and shooting at police officers are factors that demonstrate the relative seriousness of Ferguson's acts. These acts could easily have resulted in death or injury to the victims, officers, or the defendant himself.

Ferguson's demonstrated danger to the public outweighs the relatively poor prospect of rehabilitation revealed by his prior institutional commitments. Appellant was eighteen years of age at the time of the robbery. He has no prior adult convictions but in 1974 was adjudicated a delinquent child, following two incidents in which he stole cases of food from a store in Kodiak. At that time he was placed on probation. His probation was subsequently revoked on two occasions. In 1976 he was involved in a burglary, during which he carried a fire-arm, and was sent to the Lookout Mountain School in Colorado. In February, 1977, he escaped from the school, but in June, 1977, although still technically a fugitive, he was "released from custody," when he reached eighteen years of age. During this period, appellant drifted around the country, returning to Alaska two days before the robbery was committed. Appellant had been drinking at the time of the robbery and, despite his age, has been classified as a problem drinker.

The probation officer's report concluded that appellant has "demonstrated himself to be a very serious danger to society" and recommended "[t]ime to serve with no consideration of probation." The report notes that appellant's prior record while on probation was not good and that his previous stay in an institution had no significant effect on him. A psychiatric report, which was before the court at the time of sentencing, concluded: "This boy does not seem to have any treatable disorder and does not impress me as being motivated, at least not at this time to attempt any changes."

Given the entire record of the proceeding in the court below and the goals of sentencing announced by this court in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), we are unable to say that the superior court was clearly mistaken in imposing the sanctions that it did. Such being the case, we affirm the judgment and sentence of the superior court.[6]

AFFIRMED.

4. AS 11.15.220 provides: "A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both."

5. The seven year sentence imposed on Count V, for attempted robbery, was actually six months short of the maximum. *See* notes 3 and 4 *supra*.

6. The presentence report expresses a concern for Ferguson's safety once he is imprisoned. It indicates that Ferguson's mild manner and youthful appearance may lead to sexual attack. We note with approval Judge Moody's statement at sentencing that care be taken to place Ferguson in an institution where he will not be the object of such an attack.