Anthony Richard MOORE, Appellant,

v.

STATE of Alaska, Appellee.

No. 4032.

Supreme Court of Alaska.

July 20, 1979.

Walter Share, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

BOOCHEVER, Justice.

This is a sentence appeal. Moore pled guilty to one count of rape, committed on November 12, 1977 while armed with a handgun, in violation of AS 11.15.120 and AS 11.15.295, and a count of robbery, while armed with a handgun committed against a different victim on November 15, 1977, in violation of AS 11.15.240 and AS 11.15.295. Judge Kalamarides sentenced him to fifteen years on the rape count and ten years on the armed robbery count, the sentences to run consecutively.[1] Moore appeals from the sentences only insofar as the terms are consecutive.[2]

The crimes were committed against two different women and took place three days

1. The judge included in the sentence a direction that Moore "be given continuing psychiatric treatment during his period of incarceration."

2. AS 11.15.295 provides, in part:
A person who uses or carries a firearm during the commission of a robbery . . .

apart. In each case, undisputed evidence indicated that the victim was abducted in her car, raped and robbed at gunpoint. As a result of the experience, the victims appear to have suffered long term emotional trauma. In this case, consecutive sentences were not, in and of themselves, improper. AS 11.05.050; *Thomas v. State*, 566 P.2d 630, 633–35 (Alaska 1977); *Mutschler v. State*, 560 P.2d 377, 379–81 (Alaska 1976).

Moore claims that the aggregate term of the consecutive sentences, twenty-five years, is excessive because Judge Kalamarides gave insufficient consideration to the goal of rehabilitation. The record discloses the following exchange between the judge and Moore:

> THE COURT: . . . Certainly your background and history up to this point does not indicate that you are entirely unfamiliar with the matters of probation, and the attempted rehabilitation of the people of the state of Alaska that they deemed you worthy of probation at one time, but apparently it did not take. What's wrong if anything?
>
> MR. MOORE: I'm—I just can't—I don't know how to live out there in the world.

Furthermore, at the time of these offenses, Moore had only recently completed probation for his previous adult felony (burglary not in a dwelling), and was apparently still on parole from the California Youth Authority, resulting from one escape and three burglary charges. Moore, who was twenty years old at the time he committed the present offenses, has been in correctional institutions almost continuously since the age of fourteen. We cannot say that Judge Kalamarides was clearly mistaken in not giving more weight to Moore's questionable capacity for rehabilitation.[3]

Rape and armed robbery are among the most serious offenses. *Benefield v. State*, 559 P.2d 91, 98 (Alaska 1977); *Newsom v. State*, 533 P.2d 904, 911 (Alaska 1975). Because Moore could have been sentenced to a maximum of thirty-five years, instead of the twenty-five years he received, it is unnecessary to find him to be a "worst offender."[4] Although the consecutive sentences may be greater than what we might have chosen to give, we conclude, upon a thorough review of the record before us, that the sentencing judge was not clearly mistaken,[5] and, accordingly, we affirm the sentences.

---

[or] rape . . . is guilty of a felony and upon conviction for the first offense is punishable by imprisonment for not less than 10 years.

The maximum penalty for rape in this case was twenty years. AS 11.15.130(c). The maximum penalty for robbery is fifteen years. AS 11.15.-240. Moore's sentence on the rape count was halfway between the minimum and the maximum, and his sentence for armed robbery was the minimum. In light of his juvenile record, prior adult felony and, of course, the crimes themselves, we agree that the terms are not per se excessive.

3. Judge Kalamarides told Moore:

> The sentence I'm about to impose upon you does not have the prime purpose of rehabilitation, although I'd certainly hoped that you may be rehabilitated. . . .

4. Nonetheless, we caution sentencing judges against the type of characterization which the record in this case reflects:

> THE COURT: Mr. Moore, you know that the legislature has indicated that these are 2 of the most serious offenses . . .
>
> MR. MOORE: Yes, sir.
>
> THE COURT: . . . and that anyone who commits them is placed in a category of the worst possible offender.

The fact that a serious offense has been committed does not, per se, place the defendant in the category of the worst offender for that crime. As we have previously noted: "The relevant category is worst offender within the group of those persons committing the offense in question . . . ." *Wilson v. State*, 582 P.2d 154, 157 n. 3 (Alaska 1978). The characterization may be based on the particular manner of committing the offense, the background of the offender, or both. *See Saganna v. State*, 594 P.2d 69 (Alaska 1979).

5. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).