**Thomas Dale WALLS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4099.**

Supreme Court of Alaska.

Aug. 24, 1979.

---

**950**

Max F. Gruenberg, Jr., Anchorage, for appellant.

Edward F. Peterson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Amchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, Chief Justice, CONNOR, BOOCHEVER, and MATTHEWS, Justices, and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

Thomas D. Walls pled guilty to charges of robbery and burglary. He was sentenced to fifteen years for the robbery and five years for the burglary, to be served concurrently. He has appealed the robbery sentence as excessive.

The sentence imposed was the maximum for robbery.[1] Walls claims that he is not the worst type of offender and, therefore, should not have received the maxi-

---

1. The burglary occurred in an occupied dwelling at night. The maximum sentence for that offense is twenty years, AS 11.20.080. Under AS 11.15.240, the robbery count was subject to a maximum sentence of fifteen years. The maximum to which Walls could have been sentenced on his pleas of guilty was thirty-five years. The state does not contend that the appeal should be evaluated on the basis of the thirty-five year maximum for the combined offenses. Since we believe the maximum sentence for the robbery was not excessive, we do no reach the question of whether the combined maximum for the offenses should be utilized. *See Chappell v. State*, 592 P.2d 1218, 1221 (Alaska 1979); *Fox v. State*, 569 P.2d 1335, 1337 (Alaska 1977). *But see Ferguson v. State*, 590 P.2d 43, 45 (Alaska 1979).

mum sentence.[2] The trial judge did not expressly find Walls to be the worst type of offender, but where the record provides ample support for such a classification, this lapse is harmless.[3]

The record in this case shows that Walls stole a gun and with it commandeered a taxicab, robbing the driver. When the police stopped the vehicle, Walls jumped out, pointed the gun at the officers, and pulled the trigger. The gun failed to fire, apparently because no bullet was in the chamber. Walls jumped back into the taxi and tried to make the weapon operational. When Walls again pointed the gun at the police, one officer fired into the taxi, striking Walls. Walls then put the gun to the driver's head and threatened to kill him. The police fired again and disabled Walls.[4]

 Now twenty-nine years old, Walls has been in and out of jails and mental institutions throughout his adult life. He has repeatedly failed to respond to extensive rehabilitative efforts in both kinds of facilities. He has shown no inclination or motivation to control his admitted abuse of alcohol and other, illicit, drugs. His prior record includes one felony and several misdemeanors. He received a bad conduct discharge from the military in part because of

drug addiction, and has been only infrequently employed. From these facts, the trial court could justifiably conclude that Walls was the worst type of offender.[5]

Walls' brief sets forth a comprehensive list of other robbery sentences, as well as conclusions about the mean, median, and mode sentences.[6] While such statistical information may be of some assistance in determining whether a sentence is excessive or too lenient, sentencing depends on the peculiar facts and circumstances involving the particular offense and the particular offender.[7]

Walls' challenge to the sentence imposed is in essence based on two claims. First, his previous offenses do not show that he is a professional criminal. Second, the incident which resulted in these charges was an isolated occurrence not likely to be repeated and not warranting such a heavy sentence. These arguments overlook the unmistakable import of Walls' prior behavior, which escalated from negligible juvenile misconduct, through numerous drug violations, on to larceny and finally to the current charges. We can scarcely conclude any differently from the sentencing judge: Walls is a significant threat to the community and a poor risk for rehabilitation.

2. See Donlun v. State, 527 P.2d 472, 474–75 (Alaska 1974); Galaktionoff v. State, 486 P.2d 919, 924 (Alaska 1971); Waters v. State, 483 P.2d 199, 201 (Alaska 1971).

3. See, e. g., Ferguson v. State, 590 P.2d 43, 45 (Alaska 1979); Wilson v. State, 582 P.2d 154, 157 n.3 (Alaska 1978).

4. We reject appellant's claim that the trial judge relied on a factual view of the crime which was unverified. Walls was given ample opportunity to challenge the police officer's version of the incident. He admitted waving the gun "all over everywhere" and did not deny threatening the cab driver. The court did not take an unjustifiably harsh view of the nature of the offense. See Szeratics v. State, 572 P.2d 63, 65–66 (Alaska 1977); Evans v. State, 550 P.2d 830, 847 (Alaska 1976); Cleary v. State, 548 P.2d 952, 955 (Alaska 1976). Appellant's reliance on Avery v. State, 514 P.2d 637 (Alaska 1973), is clearly misplaced. We remanded that case because of the probability that the sentencing judge put undue emphasis on counts in the indictment on which the jury was unable to reach any agreement. In the case at

bar, there was no trial on the facts, and Walls had an opportunity to controvert the police officers' rendition.

5. In State v. Wortham, 537 P.2d 1117, 1120 (Alaska 1975) (citations omitted), we stated:
Some of the factors which this court has looked to in order to support such a characterization—and the imposition of a maximum term—have been prior criminal convictions, age, military records, employment history, drug or alcohol addiction, presentence report evaluations and recommendations, and behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public.

6. The analysis indicates a mean sentence of 8.54 years, a median and mode sentence of 10 years.

7. Ames v. State, 533 P.2d 246, 250, modified, 537 P.2d 1116 (Alaska 1975); Nicholas v. State, 477 P.2d 447, 448–49 (Alaska 1970).

We conclude that the sentencing court was not clearly mistaken[8] in determining that Walls should be given the maximum sentence for robbery. We believe, however, that the judgment should contain a recommendation to the Division of Corrections that Walls receive such treatment for his alcohol and drug addictions and such psychiatric counselling as the Division of Corrections may find advisable. We remand with directions to enter an amended judgment which includes such recommendations.[9]

The sentence is AFFIRMED and REMANDED for entry of an amended judgment.

BURKE, J., not participating.

---

**8.** *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

**9.** *See Good v. State*, 590 P.2d 420, 425 (Alaska 1979).