Paul Kenneth TATE, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. 4550.

Supreme Court of Alaska.

Feb. 21, 1980.

Richard G. Lindsley, Asst. Public Defender, Juneau, Brian Shortell, Public Defender, Anchorage, for appellant.

James L. Hanley, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, Justices.

PER CURIAM.

Paul Kenneth Tate pleaded nolo contendere to the crime of rape. He was sentenced to 15 years imprisonment. He appeals that sentence as excessive, contending that the sentencing court failed to give adequate weight to Tate's rehabilitation potential, that Tate is not a "worst possible offender," *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971), and that the court did not adequately consider the psychiatric report and other information about Tate's past behavior.

Tate's arguments are refuted by the record. Since 1968 Tate has been engaged in a constant course of antisocial conduct. His adult criminal convictions in Ohio include grand larceny, escape, a probation violation, and possession of marijuana. As a juvenile, he was adjudicated delinquent in Ohio on several occasions. While in military service he was convicted of several offenses by court martial, and was finally given an undesirable discharge. Moreover, at the time the present offense was committed Tate was out on bail pending extradition to the State of Washington for trial on eleven counts of forgery. Tate is also wanted by the State of Ohio for "absconding from probation."

The rape for which he was sentenced here was committed in a calculated and cruel manner. It appears that Tate's initial purpose in entering the victim's apartment was to steal a large amount of rent receipts which he thought would be found there. Once in the apartment, however, he held the victim at knifepoint and, in addition to the rape, robbed her of what was in her pocketbook.

Tate has stated that, "unless I'm motivated into a drastic change I see no other means of self-support, but to a life of crime." The psychiatric report prepared in

connection with the sentencing proceeding in this case shows Tate as having an antisocial personality, and there is little prospect that his pattern of behavior can be readily altered.

We have repeatedly denounced rape as a most serious offense warranting a significant punishment. *Post v. State*, 580 P.2d 304, 309 (Alaska 1978); *State v. Chaney*, 477 P.2d 441, 446 (Alaska 1970). It is our conclusion that in imposing this sentence the superior court was not clearly mistaken.[1] *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.

1. We note in this regard that under AS 11.15.130(c) Tate could have been sentenced to 20 years in the state penitentiary.