Anthony SHELTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3908.

Supreme Court of Alaska.

May 2, 1980.

Deborah Paquette, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Victor Krumm, Dist. Atty., Bethel, Avrum Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

During the early morning of March 21, 1977, Anthony Shelton in a state of intoxication banged on the door of a house in Alakanuk, Alaska and demanded to be let in. Shelton told the woman who occupied the house that he was a relative of her husband (who was then hospitalized in Bethel) and threatened to burn the place down if she did not let him in. Alarmed, she admitted him. Once in the house he at-

tempted to rape her, threatening to kill her and her daughter if she did not cooperate, but ran away when the victim's daughter escaped to a neighboring house seeking help. Shelton was charged with attempted rape and assault with intent to commit rape. He eventually turned himself in to the police and after arraignment was released on his own recognizance. One week subsequent to arraignment and release and six weeks after March 21, 1977, he again late at night, forced his way into another house in Alakanuk occupied only by a woman and her son. On this occasion, Shelton raped the victim, also placing her in fear for her life.

Shelton was convicted on the attempted rape charge stemming from the first incident. He was sentenced to a five-year jail term. Shelton then pled nolo contendere to the rape charge arising from the second occasion and was sentenced to a fifteen-year prison term, five years of which was made to run concurrently with the five-year sentence for attempted rape.[1] Shelton appeals from this sentence claiming that it is excessive.

On appeal Shelton contends that his sentence reflects an improper balancing of sentencing purposes by the superior court. In particular, Shelton assigns as error what he perceives as the superior court's undue emphasis upon certain of the goals of sentencing—namely, isolation of the offender and reaffirmation of societal norms—in deroga-

tion of another sentencing objective, rehabilitation of the offender.[2]

We have repeatedly held that the sentencing court is responsible for determining the priority and relationship of various relevant sentencing goals, which were first articulated in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), of rehabilitation, isolation of the offender, deterrence of the offender and others criminally inclined, and community condemnation of the offender.[3] Review of the sentencing proceedings in this case demonstrates that the superior court carefully considered these goals in fashioning the sentence it reached.

Here, the circumstances of the attempted rape and rape amount to cause for sufficient concern for community safety to justify the isolation of Shelton from society in general for a significant period of time. Where the circumstances justify the sentencing court's de-emphasis of the goal of rehabilitation because that possibility is minimal or outweighed by other factors, this court will not find an abuse of discretion on the sentencing court's part if it then imposes a sentence which is designed to advance other appropriate sentencing objectives. *Gordon v. State*, 501 P.2d 772, 777 (Alaska 1972).

At the initial sentencing hearing, the superior court considered several aspects of the crime which it believed aggravated the seriousness of the offense and this militated against a lenient sentence.[4]

1. AS 11.15.130(c) provides:
     A person convicted of rape upon any [person who is not under 16 years of age and not the daughter, son, sister or brother of the defendant] is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

2. This court has frequently reiterated the sentencing objectives first set forth in our opinion in the case of *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). *See Walton v. State*, 568 P.2d 981, 983–84 & n. 5 (Alaska 1977). In *Abraham v. State*, 585 P.2d 526, 531 (Alaska 1978), we found it to be "apparent that if the offender is reformed or rehabilitated, this will advance the public interest. . . . Reformation relates to something being done to rehabilitate the offender into a noncriminal member of society."

3. *See, e. g., Ahwinona v. State*, 598 P.2d 73, 76 (Alaska 1979); *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973).

4. The superior court noted that in both this case and the prior attempted rape of which Shelton was convicted, "the victim was more or less helpless in her own home at night;" the superior court also looked to "the lack of prior relationship or contact with the victim and [Shelton]," the presence of the victim's son during the rape and the advanced age of the victim. At the subsequent hearing upon Shelton's motion for reconsideration of sentence, the superior court generally reemphasized these factors before denying the motion. *Cf. Bordewick v. State*, 569 P.2d 184, 186 (Alaska 1977) (appellant "violently raped and committed an act of sodomy upon a 69 year old wom-

We have concluded that the superior court acted within the bounds of the discretion granted in sentencing matters when it emphasized the objectives of protecting society from Shelton, reaffirming societal norms,[5] and deterring others from similar conduct.[6] Study of the record convinces us that the superior court did not overlook the goal of rehabilitation. Rather, it appears that the superior court concluded that the aforementioned goals of sentencing called for greater weight in the particular circumstances.

Shelton advances a related argument pertaining to the superior court's reliance upon Shelton's recidivism and alcohol-related problems as demonstrating that he is a poor risk for rehabilitation. In passing sentence, the superior court did state that the proximity of the offenses is a factor which it regarded as lessening the likelihood of Shelton's rehabilitative potential. The superior court was particularly impressed with the fact that Shelton committed the present offense less than one week after being released on bail pending trial on the attempted rape charges. We have previously held that such recidivism may properly be recog-

nized as a significant factor in assessing a sentence. *Torres v. State*, 521 P.2d 386, 389 (Alaska 1974); *Robinson v. State*, 484 P.2d 686, 689 (Alaska 1971).

■ Shelton's claim that the trial court's concentration on this recidivism blinded the court to the possibility of rehabilitation and to the character of the reformation required, is, however, not persuasive. The superior court had before it a presentence report which contained two independent psychiatric evaluations of Shelton. Indeed, when offered an opportunity to request further evaluation of Shelton's psychological problems and his alcoholism, appellant's counsel declined any additional presentence examination of Shelton, asserting that "the past sentencing and the current information we have available to us at this sentencing . . . provides us with . . . a clear definition of the problem."[7] Shelton's problems with alcohol were specifically addressed by the sentencing court and the sentence contained a definite recommendation that Shelton receive alcohol rehabilitation therapy while incarcerated.[8]

an . . . .”); *Torres v. State*, 521 P.2d 386, 389 (Alaska 1974) (two separate sexual assaults “upon girls of tender years,” occurring in one instance “on a remote side road,” and in the other case “in the girl's residence during the early morning hours;” held, trial judge “warranted in believing [appellant] was a dangerous offender” whose sentence of twenty years was not excessive).

5. There was testimony at the hearing upon Shelton's motion for reconsideration of the sentence that the two incidents involving appellant were the only rape-related offenses which had been reported in Alakanuk during the prior thirteen years. Also during the sentence modification hearings, several Alakanuk villagers testified that they believed a fifteen year sentence was too long for Shelton. However, their concern over the length of appellant's sentence was properly discounted by the superior court for two reasons: first, the village mayor—who purported to speak on behalf of the village council—was unaware of Shelton's prior conviction for attempted rape before he was informed of it at the hearing, and he stated that if he had known about the earlier conviction it would make “[a] lot of difference” in his feelings about Shelton. In addition, much of the villagers' interest stemmed from their concern over the effect upon Shelton's health which a

long sentence might have. The superior court in sentencing Shelton specifically provided that he receive necessary and adequate health care and treatment for his heart condition.

6. *See Newsom v. State*, 533 P.2d 904, 911 (Alaska 1975), wherein we held that in rape cases, “[a]lthough the perpetrator of such a crime may not be beyond rehabilitation, as the trial judge recognized in this case, the crime itself deserves community condemnation; in addition to serving rehabilitative purposes the sentence must reflect such condemnation as well as act as a deterrent to the offender and to others.” *See also State v. Wassilie*, 578 P.2d 971, 974–75 (Alaska 1978); *State v. Lancaster*, 550 P.2d 1257, 1259–60 (Alaska 1976).

7. *See Newsom v. State*, 512 P.2d 557, 562 (Alaska 1973) (“An adequate psychiatric evaluation at the time of sentencing is extremely helpful to the sentencing judge. That is not to say, however, that a psychiatric evaluation is indispensible or necessary.”).

8. *Cf. Walls v. State*, 598 P.2d 949 (Alaska 1979) (failure of the trial court to include in its judgment recommendation to the Division of Corrections that appellant receive treatment for alcohol and drug addictions and appropriate

Upon consideration of the foregoing, we cannot conclude the superior court was clearly mistaken [9] in its sentence of fifteen-years, five-years of which are concurrent to the sentence for attempted rape.

AFFIRMED.

BOOCHEVER, Justice, dissenting.

Rape ranks among the most serious offenses and may justify a lengthy sentence in order to protect the public, reaffirm societal norms, and deter the offender and others. *Newsom v. State*, 533 P.2d 904, 911 (Alaska 1975); *State v. Chaney*, 477 P.2d 441, 446 (Alaska 1970). Nevertheless, in the circumstances of this case I think Shelton's fifteen-year sentence is excessive. We have affirmed sentences of fifteen years or longer for rape only in aggravated circumstances in which a defendant used a deadly weapon,[1] the crime was particularly violent or heinous,[2] the offender had been previously convicted of sexual offenses,[3] or there was a combination of these factors. Arguably, Shelton is a repeat sexual offender; however, in only one case, *Torres v. State*, 521 P.2d 386 (Alaska 1974), has the offender received a longer sentence as a result of a second rape committed before the defendant served a sentence for the first offense. In the other two cases in this category, the defendant actually served time in prison

and was either on probation or parole or had just been released when he committed the second offense.[4] *Torres* may be distinguished on the grounds that the defendant had been convicted prior to the second offense, had a prior criminal record of non-sexual offenses, and the victims in both cases involving sexual misconduct were very young. In my opinion, Shelton's offense does not place him within the category of offenders who have received fifteen-year sentences.

It is apparent from the sentencing transcript that the trial judge considered Shelton's offense, committed within a very short time of his first offense while he was released on his own recognizance, to demonstrate that Shelton was a recidivist who deserved an enhanced penalty. Under Alaska's new criminal code, a defendant who commits a crime while released prior to a trial may become subject to an enhanced sentence.[5] A trial judge might, in his discretion, consider such a factor in determining an appropriate sentence here, but in my opinion the trial judge gave this consideration too much weight. Both offenses occurred within a short time of each other, under the influence of alcohol. The defendant, who was twenty-five years old, had never been involved with the law before.

psychiatric counseling required amendment of judgment).

9. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

1. *Lacy v. State*, 608 P.2d 19, Op.No. 2039 (Alaska 1980) (defendant used gun to abduct two women and raped one of them); *Tate v. State*, 606 P.2d 1 (Alaska 1980) (defendant with long history of prior crimes and antisocial conduct raped victim at knife point); *Newsom v. State*, 512 P.2d 557 (Alaska 1973) (defendant used a knife; previous history of sexual offenses).

2. *Mallott v. State*, 608 P.2d 737, Op.No. 2027 (Alaska 1980) (rape of three-year-old girl); *Wikstrom v. State*, 603 P.2d 908 (Alaska 1979) (defendant choked victim, had anal intercourse, forced victim to have fellatio, and inserted a metal object in victim's vagina).

3. *Moore v. State*, 597 P.2d 975 (1979) (defendant raped two victims at gunpoint within short time of completing probation for a previous

felony and while on parole for another); *Newsom v. State*, 533 P.2d 904 (1975) (rape occurred within a week of release from probation for previous sex offense); *Torres v. State*, 521 P.2d 386 (Alaska 1974) (defendant raped victim after receiving ten-year sentence for lewd and lascivious conduct).

4. *See Newsom* and *Moore, supra* note 3.

5. AS 12.55.155(c)(12) allows a trial judge to enhance a presumptive sentence for a crime committed while a defendant was released prior to trial on another offense. Shelton was not subject to the presumptive sentencing of the new criminal code because his offenses occurred prior to January 1, 1980, its effective date. Nevertheless, the factors for aggravating and mitigating circumstances contained in AS 12.55.155(c) and (d) are useful guidelines of factors to be considered in determining a suitable sentence that is not subject to presumptive sentencing.

As we have explained in the context of habitual offender statutes, the underlying rationale is that the "convicted criminal has not taken advantage of the opportunity to reform [himself]." *State v. Carlson*, 560 P.2d 26, 30 (Alaska 1977). Shelton was not tried as an habitual offender, but it seems to me that a similar rationale applies to enhancing his sentence in this case. Shelton had no real opportunity to receive counselling or to reform his conduct in a structured institutional environment prior to the second offense. Had the second offense occurred after Shelton had served prison time, with the full consequences of his first crime brought home to him and with an opportunity to participate in a program of alcohol rehabilitation, then I believe the fifteen-year sentence would have been justified.

Finally, I note that the American Bar Association has recommended that

> [e]xcept for a very few particularly serious offenses . . . the maximum authorized prison term ought to be five years and only rarely ten.

American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures § 2.1(d) at 48 (approved draft 1968). The advisory committee which drafted this section could agree unanimously that only one crime would justify a term in excess of ten years, and that crime was murder. *Id.* at 61. I am persuaded that rape may in some circumstances justify a term in excess of ten years, but I am not persuaded that this case presents such circumstances. In my opinion, a substantial period of imprisonment would be justified in this case, but the sentence of fifteen years is clearly excessive.