No. 83-78

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

SURVCO, a Montana Corporation,

                    Plaintiff and Appellant,

        vs.

KENYON NOBLE READY-MIX, a Montana
Corporation,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

        For Appellant:

        Ron Burgess, Pro Se, Bozeman, Montana

        For Respondent:

        Kirwan and Barrett, Bozeman, Montana

---

                        Submitted on briefs:  May 5, 1983

                                Decided:  June 16, 1983

Filed:      JUN 16 1983

            *Ethel M. Harrison*

_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Survco brought this action in the District Court of the Eighteenth Judicial District, Gallatin County, seeking payment for photographic services. The District Court found Survco did not substantiate its claim against Kenyon Noble and judgment was entered in favor of Kenyon Noble. Survco appeals.

In May 1980, William Ogle, owner of Kenyon Noble contacted Ron Burgess of Survco to discuss the availability of aerial photographs of Kenyon Noble's gravel pit located near Belgrade, Montana. Burgess informed Ogle aerial photographs of the pit could be obtained through Professional Consultant's, Inc., (PCI), an aerial photographing service located in Missoula, Montana. Burgess advised Ogle since PCI would have to fly to Bozeman from Missoula, the cost would be reduced if PCI had other aerial mapping projects on the same flight. Ogle then discussed the possibility of obtaining aerial photographs of Ogle's lumberyard located on North Rouse in Bozeman.

Burgess estimated PCI's cost to fly to Bozeman to be $300. Burgess explained Ogle would also have to pay for the field work necessary to place control points for the aerial photography, film, and film reproduction costs. Burgess testified he estimated the total cost for the Belgrade and North Rouse sites at $1,000. At that time Ogle also ordered four color enlargements of existing aerial photographs of commercial property located in Livingston. Burgess testified he called PCI and obtained a quote of about $270 for the four prints. Ogle testified he understood the prints were to cost about $30 apiece. In addition, he testified he agreed to have Burgess perform the work and asked to be advised of any cost increases over the estimates.

From May to October 1980, Ogle made numerous unsuccessful attempts to contact Burgess regarding the progress of the aerial photography. In October 1980, Ogle met with an employee of Survco, Mike Foley, regarding additional aerial photography of

Kenyon Noble's Sourdough gravel pit located in Bozeman and its Logan gravel pit located in Logan, Montana. Ogle did not obtain an estimate of the cost of the Sourdough and Logan photographs. Foley testified he expressed his concern to Burgess that the scope of Ogle's work had increased considerably but Burgess told him to proceed with the work.

In January 1981, PCI conducted the aerial photography of the Belgrade, Sourdough, and North Rouse lumberyard. The PCI flight was made specifically for Ogle's work and not in conjunction with any other projects. After PCI took the aerial photographs, Foley received contact prints from PCI. Ogle then selected several prints and ordered enlargements.

On March 5, 1981, Survco sent Ogle two billing statements. The first is entitled "Gravel Pit - Belgrade" and shows a total amount due of $887. The second described "Photo Enlargements @ Livingston, MT." and shows a total amount due of $270. These bills were paid by Ogle in full.

In May 1981, Ogle ordered more photo enlargements of the four aerial projects. Ogle testified he understood the cost of the additional prints was not included in the March billing statements which were already paid. Subsequently, Ogle received the additional prints. On August 28, 1981, Survco sent Ogle a third bill seeking payment of $2,055 for work done on the four photo projects. Survco claimed $2,055 had been paid to PCI by Survco for the Ogle projects. Ogle refused to pay. Survco then commenced this action seeking payment from Ogle in the amount of $2,055. A trial was held on November 8, 1982, and on November 23, 1982, the District Court entered its findings of fact and conclusions of law. The District Court found Survco did not substantiate its claim by a preponderance of the evidence. The District Court entered judgment on December 6, 1982. Survco appeals.

Survco's first claim of error stems from the following conclusion of the District Court:

"Plaintiff plead an action based upon an express contract but attempted to prove a cause of action in quantum meruit; it is fatal to plaintiff's cause to allege and prove an express contract and to attempt to recover judgment based upon a theory of quantum meruit because the terms of the contract limit such recovery to the agreed price for the services rendered."

Survco argues this is a misstatement of Montana law. The District Court, in a memorandum, explained its position as follows:

"This is basically a case centering around the facts to determine the intent of the parties and the terms of the agreement alleged to have occurred.

"There is no dispute that they entered into a contract for aerial survey photography. The real crux of the difference is the price for such services. Plaintiff apparently takes the position of an express contract and then moves into an area of quantum meruit. This is where it gets its difficulty. Keneally v. Orgain, 37 St.Rptr. 154, 606 P.2d 127 (1980).

"'. . . (T)here can be no express or implied contract for the same thing existing at the same time.' Weston v. Montana State Hwy. Com'n, 37 St.Rptr. 236, 238, 606 P.2d 150, 152 (1980).

"Even allowing quantum meruit, to go further and allow additional costs when those additional expenses should have been foreseen, we run into real difficulty in contract formation. Modern Builders, Inc. of Tacoma v. Manke, 27 Wash.App. 86, 615 P.2d 1332 (1980).

"The plaintiff here is by its acts bound by its own stakes and even if we should go to the further step and ignore the contract law the plaintiff failed to prove the cost of the extra expenses."

Contracts are either express or implied, an express is one the terms of which are stated in words, an implied is one the existence and terms of which are manifested by conduct. Section 28-2-103, MCA. Here, there is no question Burgess and Ogle made an express contract to obtain aerial photographs of the Belgrade gravel pit, the North Rouse lumberyard, and the commercial property in Livingston. In October 1980, Ogle contracted with Survco to obtain aerial photographs of the Sourdough and Logan gravel pits. In May 1981, Ogle ordered additional photo enlargements of the four aerial projects. In these projects the cost

- 4 -

was not expressly stated but the District Court found Ogle assumed that this service would be similar to the aerial photography ordered previously. Thus, the District Court appears to have found the additional work requested after the initial was governed by an implied contract, the terms being similar to that of the express contract.

The District Court limited Survco's recovery to the March 5, 1981, billing statement because, "it is fatal to plaintiff's cause to allege and prove an express contract and to attempt to recover judgment based on a theory of quantum meruit because the terms of the contract limit such recovery to the agreed price for the services rendered." We interpret this statement to mean the District Court only allowed recovery for what it found to be payment under the express contract. It is fatal to allege an implied contract and prove an express contract, however, one having an express contract which he has performed may sue in quantum meruit and use the contract as proof of the reasonable value of his services. Keneally v. Orgain (1980), ____ Mont. ____, 606 P.2d 127, 129, 37 St.Rep. 154. This is what Survco attempted. Survco argues the limitation of its recovery based on the District Court's interpretation of contract law constitutes reversible error. We agree.

Ogle testified he did not think the March 5, 1981, bill included all the amounts owing on the aerial photographs, he just did not believe Survco was entitled to an extra $2,055. Ogle does not appear to dispute the existence of an implied contract for the additional work. He has accepted the benefits of the contract by obtaining prints of all the aerial photograph projects. We find Ogle must be required to pay for that which he has received and that the District Court's limitation of Survco's recovery was in error.

Survco has also alleged as error the District Court's refusal to admit plaintiff's exhibit number 5 which is an itemized statement prepared by Survco showing costs and disbursements con-

cerning the aerial photography. Ogle objected to the admission of this exhibit claiming it contains hearsay statements concerning PCI's total and itemized charges. Ogle contends an employee of PCI must be called as a witness to testify as to the amounts it billed Survco for the aerial photography, prints, and enlargements. We find no error in allowing Survco's recordkeeper to testify as to the amounts Survco <u>claims</u> it has paid to PCI for the photography. These records were kept in Survco's regularly-conducted business activity and admissible under Rule 803(6), M.R.Evid. Survco could provide stronger foundation by calling a witness from PCI to establish credibility for the charges. We find no need for further comment upon this issue for purposes of retrial.

Reversed and remanded for a new trial.

John Conway Harrison
Justice

We concur:

Frank I. Haswell
Chief Justice

Daniel J. Shea

John C. Sheehy

L. C. Gulbrandson
Justices