In the Matter of R. J. C., a minor child, Appellant,

v.

STATE of Alaska, Appellee.

No. 2038.

Supreme Court of Alaska.

March 26, 1974.

Herbert D. Soll, Public Defender, Anchorage, Stephen R. Cline, Asst. Public Defender, Fairbanks, for appellant.

John E. Havelock and Norman C. Gorsuch, Attys. Gen., Juneau, Natalie K. Finn, Asst. Atty. Gen., Fairbanks, for appellee.

Before RABINOWITZ, Chief Justice, ERWIN, BOOCHEVER and FITZGERALD, Justices, and MOODY, Superior Court Judge.

OPINION

PER CURIAM.

This is an appeal from a decision of the superior court waiving juvenile jurisdiction over appellant under the provisions of AS 47.10.060 and Children's Rule 3.

■ In P. H. v. State[1] this court noted that there must be a hearing which "measure[s] up to the essentials of due process and fair treatment."[2] At this hearing there must be a thorough examination of (1) the probable cause for believing that the child committed the act with which he was charged and (2) the amenability of the child to juvenile treatment.[3] In the absence of such an examination there is no evidentiary basis for a waiver decision.[4]

This court also noted that the record must disclose the existence and evaluation

---

1. 504 P.2d 837 (Alaska 1972).

2. *Id.* at 842, *quoting from* Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84, 98 (1966).
   AS 47.10.060(a) provides a statutory basis for such a hearing:
   > If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.
   R. Child.Pro. 3(a) makes such a hearing mandatory:
   > Where a petition alleges that a child committed an act which if committed by an adult would be a crime, and it appears to the court from the petition or upon testimony heard in connection therewith that there may be probable cause for believing that the act alleged in the petition was committed by the child and that he is not amenable to treatment, *a hearing must be held* for the purpose of determining if the child shall be prosecuted as if he were an adult. Such a hearing shall be designated as a waiver hearing. (emphasis added)

3. AS 47.10.060(d) suggests four factors which may be considered by the court when inquiring into the amenability issue:
   > A minor is unamenable to treatment under this chapter if he probably cannot be rehabilitated by treatment under this chapter before he reaches 21 years of age. In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor.
   However, in P.H. v. State this court pointed out that:
   > All four factors need not be resolved against the child to justify waiver. . . . There must, however, be a *thorough examination* of the child, his background and alternative strategies of rehabilitation short of adult criminal treatment. 504 P.2d at 845–46. (Emphasis added)

4. 504 P.2d at 846.

of the available children's treatment programs in all future cases in order to establish the validity of the hearing:

> We, however, wish to emphasize that even though the children's court may have independent knowledge concerning children's treatment programs and facilities, it is necessary in future cases to make the existence and evaluation of such programs a part of the waiver proceedings to enable proper review by this court.[5]

A review of the record herein reveals that the waiver hearing did not comply with the standards set forth in AS 47.-10.060 and Children's Rule 3 and expounded in P. H. v. State. The record does not disclose an adequate evaluation of existing children's treatment programs or facilities which might be suitable for appellant; and the lack of evidence in the record concerning probable cause that the offense charged was in fact committed clearly violates the requirements of AS 47.10.060(a) and Children's Rule 3(a).[6]

The record also fails to disclose that the court below made written findings of facts required by Children's Rule 3(h).[7] As was pointed out in P. H. v. State, compliance with this rule is essential to insure that the waiver hearing is not a "mere ritual" and to provide a meaningful basis for review.[8]

Finally, the record discloses that the waiver decision was based to some extent upon the fact that since appellant was then over 18 and emancipated, he must be treated as an adult. The emancipation proceedings in the court below which permitted appellant to live separate and apart from his legal guardians does not affect R.J.C.'s statutory right to be treated as a juvenile in proceedings for crimes committed by him before his 18th birthday.[9]

The decision of the superior court is vacated and the case is remanded to the children's court for further proceedings in conformity with this opinion.

CONNOR, J., not participating.

---

5. *Id.*

6. Note 2 *supra.* The contention of the state that the hearsay evidence presented at a previous detention hearing fulfills this requirement is rejected. P.H. v. State clearly points out that due process requires careful consideration of the offense charged at the waiver hearing; and important policy considerations require that the waiver determination must be based upon competent evidence. 504 P.2d at 842–843.

7. R.Child.Pro. 3(h) provides:
The order closing the case must be accompanied by written findings of fact clearly demonstrating that:

(1) The court made full inquiry into the allegations of the petition,
(2) The question [sic] of waiver of children's proceedings and of closing the children's case were given careful consideration by the court, and
(3) All statutory conditions for waiver of child proceedings and closing the case were established.

8. 504 P.2d at 846.

9. 504 P.2d at 841–842.