**Billy McKINNEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2758.**

Supreme Court of Alaska.

Nov. 4, 1977.

---

11. 421 P.2d at 632 n. 25 (citation omitted; emphasis added).

12. *Id.*

13. We are not impressed with the taxpayers' argument that there was no evidence of such reliance on the part of the state.

Walter L. Carpeneti, Asst. Public Defender, Juneau, and Brian Shortell, Public Defender, Anchorage, for appellant.

Larry Weeks, Dist. Atty. and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem.

## OPINION ON REHEARING

BOOCHEVER, Chief Justice.

The petition for rehearing is granted, and the case is remanded for resentencing.

The state in its memorandum concedes that:

Mr. McKinney may have been "prejudiced" by his failure to obtain a continuance before sentencing in the sense that there was possible favorable testimony that could have been offered had he obtained a continuance.[1]

Counsel for defendant indicated that he would have objected to proceeding with sentencing since he had had no time to prepare, having received the pre-sentence report only that day. He stated that he agreed to go forward only because of Mr. McKinney's desire to complete the matter. We believe that there was sufficient showing of prejudice flowing from the superior court's failure to grant a continuance sua sponte of the sentencing proceedings, and we remand for the sole purpose of resentencing.

We do not find that McKinney's due process rights were violated by the superior court's failure to grant such a continuance sua sponte, and order the limited remand under this court's general supervisory authority over Alaska's trial courts in criminal matters.

PETITION GRANTED.

BURKE, Justice, dissenting.

I dissent. My view is that this case was correctly decided by our opinion in *McKinney v. State,* 566 P.2d 653 (Alaska 1977).

The state's "concession" of prejudice, as it is characterized by the majority, is taken entirely out of context. Read in its entirety, the state's memorandum stands as a strong statement against the necessity of resentencing. I find the state's argument persuasive, and would deny the petition for rehearing.

---

1. Admittedly, the state further argues that attached affidavits may weaken the claim by making some of the testimony offered by defendant ambiguous.