**In the Matter of J. W. H., a minor, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3812.**

Supreme Court of Alaska.

Sept. 1, 1978.

Jane F. Kauvar, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

BURKE, Justice.

This is an appeal from a decision of the superior court waiving juvenile jurisdiction over appellant pursuant to the provisions of AS 47.10.060 [1] and Rule 3, Alaska R. Chil-

---

1. AS 47.10.060 provides in part:
   (a) If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed.

dren's P.[2]

In *P. H. v. State*, 504 P.2d 837 (Alaska 1972), this court noted that there must be a hearing which "measures up to the essentials of due process and fair treatment."[3] *Id.* at 842. At this hearing there must be a thorough examination of (1) the probable cause for believing that the child committed the act with which he was charged, and (2) the amenability of the child to treatment as a juvenile. *R. J. C. v. State*, 520 P.2d 806, 807 (Alaska 1974).

AS 47.10.060(d) suggests four factors which may be considered by the court when inquiring into the amenability issue: (1) the seriousness of the offense; (2) the delinquency of the minor; (3) the probable cause of the delinquent behavior; and (4) the

facilities available for the treating of the minor.[4]

In the present case, the superior court made findings as to each of these factors. Appellant challenges the sufficiency of the superior court's findings as to the probable cause of his delinquency and the availability of suitable treatment centers.

After reviewing the record, we have concluded that the superior court's findings were supported by substantial evidence.[5]

AFFIRMED.

---

After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.

. . . . .

(d) A minor is unamenable to treatment under this chapter if he probably cannot be rehabilitated by treatment under this chapter before he reaches 21 years of age. In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor.

2. Rule 3 provides in part:

(a) *Hearing.* Where a petition alleges that a child committed an act which if committed by an adult would be a crime, and it appears to the court from the petition or upon testimony heard in connection therewith that there may be probable cause for believing that the act alleged in the petition was committed by the child and that he is not amenable to treatment, a hearing must be held for the purpose of determining if the child shall be prosecuted as if he were an adult. Such a

hearing shall be designated as a waiver hearing.

. . . . .

(f) *Waiver Order.* If probable cause is established at the hearing for believing that the child committed the act with which he was charged in the petition and which if committed by an adult would constitute a crime and the child is not amenable to the treatment provided under AS 47.10 Article 1 and under these rules, the court shall issue an order waiving and terminating the treatment provided thereunder and close the children's case. The child may then be prosecuted for the act or acts charged in the petition as if he were an adult.

3. Quoting *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 98 (1966). *See also, In Re Gault*, 387 U.S. 1, 12, 30, 87 S.Ct. 1428, 18 L.Ed.2d 527, 538, 547–48 (1967).

4. *See* note 1, *supra.*

5. *D. H. v. State*, 561 P.2d 294, 298 (Alaska 1977).