**James W. HELMER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 4383.

Supreme Court of Alaska.

March 21, 1980.

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

After a non-jury trial in the superior court, James W. Helmer was convicted of rape, assault with intent to kill and burglary in a dwelling.[1] In this appeal, he challenges the sufficiency of the evidence pertaining to the charges of rape and assault with intent to kill, and the trial court's denial of his motion to suppress evidence of a statement that he made to the police following his arrest.[2]

### I

Helmer's victim, a fourteen year old girl, testified that, although the defendant attempted to have sexual intercourse with her, she felt no penetration. Thus, he argues, the evidence was insufficient to support the trial court's conclusion that he was guilty of rape, since "some penetration, however slight," is an essential element of that offense. AS 11.15.120(c).[3]

We consider Helmer's argument frivolous. Dr. James Bertelson, a gynecologist, examined the victim shortly after she was assaulted. Dr. Bertelson testified that he observed a fresh tear or laceration in the hymenal ring and found thousands of sper-

---

1. Helmer was charged and convicted under the former provisions of AS 11.15.120 (rape), AS 11.15.160 (assault with intent to kill), and AS 11.20.080 (burglary in a dwelling). In its recent revision of the state's criminal statutes, the Alaska legislature repealed those sections, effective January 1, 1980. Ch. 166, § 21, SLA 1978.

2. Helmer also appeals his sentence as excessive. *See* AS 12.55.120; AS 22.05.010(b); Rule 21, Alaska R.App.P. That issue will be disposed of by a separate opinion.

3. *See* note 1, *supra*.

matozoa surrounding the victim's cervix, a structure located deep within the vagina. These observations led Dr. Bertelson to conclude that sexual penetration had occurred, and he so testified.

The applicable standard of review in this case is the "substantial evidence test." *McKinney v. State*, 566 P.2d 653, 662, *reh. granted*, 570 P.2d 733 (Alaska 1977). Under that standard,

> [a finding by the trial court] must be affirmed if it is supported by "such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt." All inferences are to be resolved in the light most favorable to the state.

*Id.* (footnote omitted). Under the foregoing standard only one conclusion is possible, namely: that the evidence was sufficient to support the trial court's finding that penetration had occurred, and that Helmer was guilty of rape.

## II

■ Helmer also contends that the evidence was insufficient to support the trial court's finding that he was guilty of assault with intent to kill. In particular, Helmer argues that in view of the evidence indicating that at the time of the offense he was intoxicated, due to the combined effects of alcohol and marijuana, the state failed to establish beyond a reasonable doubt that he acted with the specific intent to kill. Again, we conclude that Helmer's argument is without merit.

The victim of Helmer's assault was the younger sister of a girl that he had been seeing. He entered the victim's home and awakened her during the early morning hours while her family was away. Helmer told her that someone had burglarized the house and showed her indications that certain items had been removed from the residence. In fact, the burglary had been committed by Helmer. Helmer explained to the victim that he would stay with her to protect her, in case the burglar should return. A short time later, Helmer picked up a poker and continued talking to the victim. After telling her that he thought someone was at the door, he struck the victim on the head with the poker as she turned in that direction. Helmer then carried the victim to the bedroom where he raped her. He then struck her several more times. At this point, Helmer picked up the victim's wrist between his thumb and fingers apparently feeling for her pulse. He then struck her twice more with the poker and left. Although the victim received prompt medical attention, she lost an eye as a result of Helmer's attack.

Given Helmer's actions, the nature of the weapon, and the other details of the assault, we think there was substantial evidence supporting the trial court's conclusion that Helmer acted with the specific intent to kill his victim, and that he was therefore guilty of assault with intent to kill.

## III

■ Helmer's next contention is that the trial court erred in denying his motion to suppress evidence of a statement that he gave to the police shortly after his arrest. The basis of his motion to suppress was that the statement was given without the defendant's mother being present. At the time of the statement, Helmer was a juvenile. He was tried as an adult after the superior court waived its juvenile jurisdiction, a decision that was affirmed by this court in *In re J.W.H.*, 583 P.2d 227 (Alaska 1978).

In his opening brief Helmer urged this court to adopt a standard whereby a statement or confession by a juvenile could not be used against him at a subsequent trial or hearing unless both he and his parents or guardian were informed of his right to an attorney and to remain silent. Alternatively, Helmer argued that his statement was involuntary in that his waiver of his right to remain silent was neither knowing nor intelligent.

Between the time of the filing of Helmer's opening brief and his reply brief, this court rendered it's decision in *Quick v. State*, 599 P.2d 712 (Alaska 1979). In that

case we refused to adopt a *per se* rule that would render a juvenile incapable of a knowing and voluntary waiver of his right to remain silent, without the informed guidance of an adult. Instead, we adopted a test that allows the trial court to look at the totality of the circumstances. *Id.* at 718–19. Our holding in *Quick* disposes of the first part of Helmer's argument.

As to the second part of his argument, we are unable to say that the superior court erred in concluding that Helmer's statement to the police was voluntary. The statement was given after he had been fully advised of his *Miranda* rights and there is nothing in the record to suggest that Helmer's waiver of his right to remain silent was anything but knowing and intelligent.

Helmer's conviction is AFFIRMED.