**James W. HELMER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4383.**

Supreme Court of Alaska.

Sept. 26, 1980.

---

David C. Backstrom, Deputy Public Defender, Fairbanks, and Brian C. Shortell, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This is a sentence appeal. In the early morning hours of September 4, 1977, James Helmer raped and repeatedly struck on the head with a fireplace poker a fourteen–year–old girl. The victim, a younger sister of a girl Helmer had been dating, was alone in her parents' home at the time. The girl lost her right eye as a result of the attack.

After Helmer was found unamenable to treatment as a juvenile, jurisdiction was waived, In re J.W.H., 583 P.2d 227 (Alaska 1978), and he was tried as an adult and convicted after trial[1] of rape, assault with intent to kill, and burglary in a dwelling.[2] He was given consecutive fifteen–year sentences for rape and assault with intent to kill and a concurrent five–year sentence for his burglary conviction.[3]

Upon review of the record, we are persuaded that while the atrocious nature of these crimes warrants a substantial period of incarceration, the thirty–year sentence imposed was excessive in light of Helmer's extreme youth and the absence of any prior criminal record.

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Helmer's conviction was affirmed on all counts by this court in Helmer v. State, 608 P.2d 38 (Alaska 1980).

2. Helmer stole a large marijuana plant and several jars of marijuana leaves from a greenhouse in the victim's backyard approximately one hour before the rape and assault.

3. Helmer received the maximum sentence allowable for assault with intent to kill (Former AS 11.15.160). Helmer could have received an additional five years for rape (Former AS 11.-15.130(b)). For the crime of burglary within a dwelling, Helmer could have been sentenced to an additional fifteen years (Former AS 11.20.-080).

Helmer was seventeen years old when he committed the acts leading to his conviction. At the time of sentencing, he was eighteen. Although Helmer dropped out of school after the ninth grade, he has a steady employment history. At the time of his arrest, Helmer was working as a short-order cook and making approximately $350 per week.

There are no indications from law enforcement agencies, or school or juvenile authorities, that Helmer possessed criminal or violent tendencies. His family and friends indicated that Helmer was normally a non–violent, gentle person. Psychiatric evaluations of Helmer generally support this. They describe Helmer's personality as "immature" but agree that there are no indications of mental illness or abnormal personality disorders. The examining psychiatrists concurred in isolating alcohol dependence as Helmer's primary problem. By his own reckoning, Helmer had started drinking when he was twelve and commenced drinking heavily at the age of fifteen.

Helmer presented several witnesses at his sentencing hearing who testified that a prison term would be inappropriate and that Helmer felt genuine remorse for his actions. Two of these witnesses suggested that Helmer should be placed in a therapeutic community where he could receive treatment for his alcohol problem.[4] Wayne Jones, the Assistant Superintendent of the Fairbanks Correctional Center, described Helmer as a "model prisoner." A psychologist, Dr. Frank Gold, related that Helmer expressed great concern over his actions and was strongly motivated to receive counseling and therapy.

In considering this sentence appeal, we must and do recognize that Helmer was convicted of a particularly serious crime which has left his innocent victim with permanent physical injuries, significant emotional problems, and substantial medical bills for past treatments, as well as the need for expensive surgery in the future. For such crimes as Helmer stands convicted of, it is necessary that the sentence reflect recognition of the need to isolate and deter, as well as the community's condemnation of behavior through reaffirmation of societal norms. State v. Chaney, 477 P.2d 441 (Alaska 1970). Because of these important sentencing considerations, we reject Helmer's contention that he should have been given probation, and as a condition of probation, placed in a therapeutic community rather than prison.[5] On the other hand, the legitimate concern for community condemnation does not, in and of itself, negate the necessity to consider other legitimate objectives of sentencing. In this case, Helmer's extreme youth, his lack of any prior criminal record, his steady employment history, his genuine remorse for his actions, and the favorable recommendations from those acquainted with him, all indicate that rehabilitation should be afforded considerable significance in fashioning an appropriate sentence.

This approach is consistent with that taken in our prior reviews of lengthy sentences in cases of rape and violent assault. In such cases, we have approved sentences of fifteen to twenty–five years when the offender's history included repeated incidents of sexual assaults.[6] The demonstration of a

---

4. Gail Frank, an institution counsellor at the state prison, testified that:

I think primarily—we—I think my first and greatest concern is that he be able to deal in a drinking society with not drinking. I have thought in terms of treatment programs, but I haven't discussed them particularly with him. I've been more concerned with contacting you, as his attorney, and with the psychologists that have seen him to express my concern and my interest in his being in more of a treatment therapy situation than in a long–term incarceration.

5. In Rust v. State, 582 P.2d 134 (Alaska 1978), we held that the sentencing court was not authorized to order that the defendant be placed in a particular facility or program.

6. For example, in Moore v. State, 597 P.2d 975 (Alaska 1979), the defendant pleaded guilty to one count of rape and one count of armed robbery. He was sentenced to 15 and 10 years, respectively, the sentences to run consecutively. The undisputed evidence indicated that Moore had on two occasions abducted women, and then raped and robbed them at gunpoint. At the time of the offenses Moore had just

recidivous nature rightfully restricts the consideration that can be given to rehabilitation; it underscores the need to protect the public from the offender. Conversely, the absence of a prior criminal record works in the offender's favor.[7]

Based on the foregoing, we conclude that Helmer's sentence should not have exceeded twenty–five years in total length. The case is therefore remanded to the superior court with directions to resentence Helmer in accordance with the foregoing.

BURKE, Justice, dissenting.

I dissent.

Helmer, despite his age and lack of a prior criminal record, raped a fourteen year old girl in a most brutal manner. Then, by means that were both cruel and calculated, he attempted to kill her by beating her with a heavy poker. As a result of his attack, the victim has been scarred for life; her injuries include the loss of one eye. In addition, she may have suffered emotional injuries that, in time, will prove to be more serious than any of her physical injuries. Given these circumstances, I am simply unable to say that the superior court was clearly mistaken in the sentence it imposed. *McClain v. State*, 519 P.2d 811 (Alaska 1974). Thus, in keeping with our well established standard of review in such cases, I would affirm Helmer's sentence. *Id.*

completed probation for his previous adult felony and was still on parole from juvenile authorities, resulting from one escape and three burglary charges. At sentencing, the following exchange occurred between the judge and Moore:

THE COURT: . . . Certainly your background and history up to this point does not indicate that you are not entirely unfamiliar with the matters of probation, and the attempted rehabilitation of the people of the state of Alaska that they deemed you worthy of probation at one time, but apparently it did not take. What's wrong if anything?
MR. MOORE: I'm—I just can't—I don't know how to live out there in the world.

597 P.2d at 976. In *Newsom v. State*, 512 P.2d 557 (Alaska 1973), the defendant was sentenced to 15 years for one count of rape. In reviewing this sentence, we stated:

While a sentence of 15 years without eligibility for parole until one–third of the sentence is completed, is an unusually long period of incarceration, we do not find it excessive in this case. Appellant has a history of sex offenses, and has served lesser periods of incarceration as a juvenile apparently without measurable rehabilitation being accomplished.

512 P.2d at 563.

Several other affirmances of lengthy rape sentences have involved defendants with prior records of sexual offenses. *See Torres v. State*, 521 P.2d 386 (Alaska 1974) (20–year sentence for offender with a previous conviction for lewd and lascivious acts to an 8–year–old and present offense committed while on appeal bond from a 10–year sentence); *Newsom v. State*, 533 P.2d 904 (Alaska 1975) (15–year sentence for offender with a previous conviction for attempted rape of a young girl). *Cf. Nukapigak v. State*, 562 P.2d 697 (Alaska 1977) (24–year–old sentenced to concurrent 6–year and 3–year terms, respectively, for rape and assault with a deadly weapon, prior record consisted of 3 misdemeanors). Other lengthy sentences have been justified on the basis of prior felony records or aggravating circumstances of the sexual assault. *See Mallott v. State*, 608 P.2d 737 (Alaska 1980) (30–year sentence with 5 suspended for the rape of a 3–year–old by an offender with a prior felony record); *Lacy v. State*, 608 P.2d 19 (Alaska 1980) (15–year sentence for rape in connection with an attack on another woman while kidnapping both of them); *Tate v. State*, 606 P.2d 1 (Alaska 1980) 15 suspended for the rape of a 3–year–old by an offender who was out on bail at the time of the offense and had a lengthy prior record); *Wickstrom v. State*, 603 P.2d 908 (Alaska 1979) (3 concurrent 15–year terms for an attack on a woman involving forced vaginal rape, anal rape, and fellatio).

7. It is clear from remarks made at sentencing that the superior court placed little emphasis on Helmer's age or background:

This is his first felony conviction, this is his first conviction of any kind. And ordinarily that should militate in his favor, that he's gone through this period of his life without problems with the law. It does not in this case. Certainly, it would—it does in some respects, because the sentence would be more enhanced if there was evidence of prior conduct like this.