v.

**STATE of Alaska, Appellee.**

**No. 7542.**

Court of Appeals of Alaska.

Aug. 26, 1983.

Anthony M. Sholty, Faulkner, Banfield, Doogan & Holmes, Juneau, for appellant.

Richard Svobodny, Asst. Dist. Atty., Patrick J. Gullufsen, Dist. Atty., and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Two petitions seeking to have A.D. adjudged a delinquent were filed by the state, alleging several criminal acts, which, had A.D. been an adult, would have constituted one count of first-degree sexual assault, two counts of second-degree assault, four

counts of first-degree burglary, and four counts of second-degree trespass. After a detention hearing and a waiver hearing, Superior Court Judge Rodger Pegues issued an order waiving juvenile jurisdiction. A.D. appeals[1] this determination regarding the petition alleging sexual assault and assault.

In his order waiving juvenile jurisdiction, Judge Pegues, over a hearsay objection, relied on testimony by a Juneau police officer reciting statements allegedly made by a victim of A.D.'s crimes in finding probable cause. Apparently, one of A.D.'s alleged victims, H.D., had identified A.D. as one of the assailants from a photographic lineup prepared by the police officer. H.D. did not testify at the detention hearing or at the waiver hearing. This was the only basis for finding probable cause that A.D. had committed the alleged acts. Judge Pegues also found that A.D. was not amenable to treatment as a juvenile by relying on a prior determination that A.D. was a delinquent. No other evidence of amenability to treatment was presented at either hearing.

■ Under Children's Rule 3(a) when a child is alleged to have committed an act which if committed by an adult would be a crime, if there is probable cause for believing that the child committed the act, and it is alleged that the child is not amenable to treatment as a juvenile, a waiver hearing must be held to determine if the child shall be prosecuted as an adult. At the waiver hearing, there must be a thorough examination of (1) probable cause for believing that the child committed the acts for which waiver is sought,[2] and (2) the amenability of the child to juvenile treatment. *R.J.C. v. State,* 520 P.2d 806, 807 (Alaska 1974). "In the absence of such an examination there is no evidentiary basis for a waiver decision." *Id.* (footnote omitted).

■ The probable cause determination at the waiver hearing may not be based on hearsay testimony. *P.H. v. State,* 504 P.2d 837, 842–43 (Alaska 1972). *See also R.L.R. v. State,* 487 P.2d 27, 31 (Alaska 1971) (the right of confrontation of witnesses applies to children's proceedings in which a child is charged with misconduct for which he may be incarcerated); Alaska R.Child.P. 13(a)(1) (all testimony in children's court shall be given under oath or affirmation subject to certain exceptions—which are not applicable to this case); Alaska R.Child.P. 17(a) (hearsay evidence is not admissible over objection to establish the act of delinquency unless admissible under a recognized exception to the hearsay rule).

■ The required finding of probable cause in this case was impermissibly based on hearsay, and thus the decision of the superior court must be reversed. In addition, the trial court did not conduct the searching inquiry into A.D.'s amenability to treatment as a juvenile required by *R.J.C.,* thus independently requiring remand for further proceedings.

The decision of the superior court is RE-VERSED.[3]

1. A.D. filed this appeal pursuant to Alaska Rule of Appellate Procedure 216(a)(2) (expedited appeals are allowed for juvenile waiver appeals).

2. The state argues and the trial court apparently found, that it was not necessary to determine whether there was probable cause to determine whether A.D. was delinquent because he had previously been declared delinquent for unrelated cases, was still in state custody, and was on probation at the time of the present offenses. Thus, the state argues only the issue of amenability to further juvenile treatment was in issue, a determination more akin to that at a disposition hearing than that at the adjudication and, consequently, hearsay could be considered. We disagree. As we read the statute, the state must establish probable cause to find the child guilty of the charges for which waiver is sought as well and in addition establish that the child is no longer amenable to rehabilitation under the Children's Rules before children's court jurisdiction may be waived. Prior adjudications of delinquency and the success or failure of rehabilitation efforts thereafter are relevant to the issue of amenability but not to the issue of probable cause.

3. Our reading of the Children's Rules cited leads us to the conclusion that the supreme court envisioned the probable cause determination in a juvenile waiver hearing as the conceptual equivalent of an adult preliminary hearing. In this regard, we note Criminal Rule 5.1(d) makes the Alaska Rules of Evidence binding, and Criminal Rules 5.1(b), (c) set out the order of proof and the defendant's right to call witnesses in his own behalf.

Our determination that the Children's Rules contemplate a trial-type hearing for waiver pro-

ceedings makes it unnecessary for us to determine whether the procedures in this case violated A.D.'s constitutional rights to confront the witnesses against him.