Robert S. MARZAK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2746.

Court of Appeals of Alaska.

Aug. 24, 1990.

Rex Lamont Butler, Anchorage, for appellant.

R. Bruce Roberts, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON,* JJ.

COATS, Judge.

Robert S. Marzak was convicted, based upon his plea of *nolo contendere*, of solicitation of murder in the first degree, AS 11.41.100(a)(1) and AS 11.31.110; attempted murder in the first degree, AS 11.41.-100(a)(1) and former AS 11.31.100; and assault in the first degree, AS 11.41.200(a)(1). All of these offenses were class A felonies.[1] Superior Court Judge Karl S. Johnstone sentenced Marzak to twenty years of imprisonment on each conviction. He imposed the twenty years of imprisonment for solicitation of murder and attempted murder concurrently. He imposed the assault sentence consecutively. Thus, Marzak's composite sentence is forty years of imprisonment. Marzak appeals his sentence, arguing that Judge Johnstone erred in his treatment of several aggravating and mitigating factors. He also argues that his sentence is excessive. We affirm.

Robert Marzak and Richard Erickson owned a wrecking yard in Fairbanks. They leased the wrecking yard from its former operator, Andrew Twogood, who also owned the ABC Wrecking Yard in Anchorage. Twogood discovered that Erickson and Marzak stored stolen automobiles at their wrecking yard and suspected that they were dealing in stolen automobiles and parts. Twogood reported his suspicions to the police, who investigated. Twogood testified as a witness before the grand jury, and Marzak was ultimately convicted for theft.

Marzak contacted Darren Taylor and arranged to have Taylor kill Twogood. Marzak suggested that Taylor run over Twogood with an automobile. Taylor and Robert Machado drove to Anchorage to carry out the assignment. Apparently without Marzak's knowledge, Taylor decided to kill Twogood with a bomb. On May 19, 1986, Taylor placed a bomb in Twogood's car while Machado acted as a lookout. A short time later, the bomb exploded, seriously injuring Twogood and Fred Neubauer, one of Twogood's employees. Twogood was blinded by the explosion. His body was burned and filled with shrapnel. His eardrums were burst and parts of his fingers

---

* This case was submitted for decision prior to Judge Singleton's resignation.

1. Marzak's offenses occurred before the legislature amended AS 11.31.100(d) and AS 12.55.-125(b) to make attempted murder in the first degree an unclassified felony punishable by five to ninety-nine years of imprisonment. § 5 ch. 59 SLA 1988.

and body were blown off. Neubauer received multiple scars on his right arm, which still contains three pieces of shrapnel. Neubauer was in the hospital approximately four days and has had surgery to remove some of the shrapnel.

■ All of Marzak's convictions were for class A felonies. A class A felony is punishable by a maximum sentence of twenty years of imprisonment. AS 12.55.125(c). Although Marzak had previously been convicted of two prior felony offenses, both for theft in the second degree, Marzak had not been convicted of these offenses at the time he committed his current offense. Consequently, Marzak was subject to sentencing as a first felony offender. *Sawyer v. State*, 663 P.2d 230 (Alaska App.1983). As a first felony offender convicted of a class A felony which caused serious physical injury, Marzak was subject to a presumptive sentence of seven years of imprisonment. AS 12.55.125(c)(2).

■ Marzak first contends that Judge Johnstone erred in refusing to find his proposed mitigating factor, that Marzak, "although an accomplice, played only a minor role in the commission of the offense." AS 12.55.155(d)(2). When we review the trial court's findings regarding the applicability of statutory aggravating and mitigating factors, we reverse the trial court only where we find that the trial court's decision was clearly erroneous. *Juneby v. State*, 641 P.2d 823, 834–35 (Alaska App.1982), *mod. on other grounds*, 665 P.2d 30 (Alaska App.1983). We conclude that Judge Johnstone was not clearly erroneous in rejecting Marzak's proposed mitigating factor. The record reflects that Marzak sought out Taylor and arranged for Taylor to kill Twogood. Judge Johnstone could properly conclude that Marzak played a substantial role in the commission of the offense.

■ Marzak next contends that Judge Johnstone erred in finding that Marzak's "conduct created a risk of imminent physical injury to three or more persons, other than accomplices." AS 12.55.155(c)(6). Marzak points out that it is uncontested that he did not know that Taylor would

attempt to kill Twogood with a bomb: apparently Marzak suggested that Taylor run over Twogood. Marzak contends that this conduct would not have created the same sort of risk as Taylor's plan, which involved a bomb. We conclude that Judge Johnstone was not clearly erroneous in finding that this aggravating factor applied to Marzak's conduct. When Marzak hired Taylor to kill Twogood, it was reasonably foreseeable that he was setting in motion a plan which was extremely hazardous, not only to Twogood, but to other people. The explosion actually created a substantial risk to at least three people. *See Machado v. State*, —— P.2d ——, ——–——, Op. No. *1067* at 24–25 (Alaska App., August *24*, 1990). We conclude that Judge Johnstone was not clearly erroneous in finding the aggravating factor.

■ Marzak next contends that Judge Johnstone erred in finding the aggravating factor that "the conduct constituting the offense was among the most serious conduct included in the definition of the offense." AS 12.55.155(c)(10). Marzak was convicted of hiring Taylor to kill Twogood. We have held that contract killings are among the most serious of murder offenses. When the trial judge imposes the maximum sentence of ninety-nine years of imprisonment for a contract murder, we have consistently upheld the sentence. *See Lewis v. State*, 731 P.2d 68, 72–73 (Alaska App.1987); *Cassell v. State*, 645 P.2d 219, 224 (Alaska App.1982); *Hoover v. State*, 641 P.2d 1263 (Alaska App.1982). In the instant case, it was a mere fortuity that the attempted murder of Twogood was unsuccessful. As it was, Twogood's injuries are extremely serious and permanent. The explosion also could easily have killed Neubauer. We conclude that Judge Johnstone did not err in finding that the conduct constituting the offense was among the most serious conduct included in the definition of the offense.

■ Judge Johnstone found the mitigating factor that Marzak "assisted authorities to detect, apprehend, or prosecute other persons who committed an offense."

AS 12.55.155(d)(12). Marzak contends that Judge Johnstone did not give sufficient weight to this mitigating factor. There is no question that Marzak took substantial steps to aid the authorities in building a case against his codefendants. However, Judge Johnstone concluded that Marzak had benefited from his cooperation because the state had not pursued all the possible charges which it could have initiated against him. In reviewing whether the trial judge properly adjusted the presumptive sentence based upon aggravating and mitigating factors, we reverse the decision of the trial judge only when we find an abuse of discretion. *Jones v. State*, 771 P.2d 462, 467 (Alaska App.1989). We do not believe that Judge Johnstone erred in balancing the aggravating and mitigating factors in this case. Although it is certainly true that Marzak cooperated with the police and prosecutors, this does not diminish the seriousness of his offense. We conclude that Judge Johnstone gave sufficient consideration to this mitigating factor.

 We next confront Marzak's contention that the sentence which Judge Johnstone imposed was clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). Marzak points out that he was subject to sentencing as a first-felony offender. As a first-felony offender convicted of a class A felony which caused serious physical injury, Marzak was subject to a presumptive sentence of seven years of imprisonment. AS 12.55.125(c)(2). He points out that the presumptive sentence for a second felony offender is ten years and that a first felony offender should receive a sentence more severe than a second felony offender only in exceptional cases. *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981)

In *Pruett v. State*, 742 P.2d 257, 264 (Alaska App.1987) (citations omitted), we stated:

> Sentences of ten years or more for conduct equivalent in seriousness to class A felonies under current law have generally been based on isolation as a goal of sentencing and have been reserved for those with a proven record of recidivism, or those whose conduct involved premeditated attempts to kill or seriously injure.

Marzak's case falls within the exception to the rule that a court should not impose a sentence of greater than ten years for a class A felony because Marzak's conduct involved a premeditated attempt to kill. We have discussed the fact that this court and the supreme court have consistently upheld maximum sentences for defendants convicted of contract murders. As we indicated, Judge Johnstone could properly consider this to be a most serious form of attempted murder because Marzak's conduct was similar to these more serious offenses. *See Benboe v. State*, 698 P.2d 1230, 1232 (Alaska App.1985).

We find the case of *Burleson v. State*, 543 P.2d 1195 (Alaska App.1975), to be persuasive authority that the sentence which Judge Johnstone imposed in this case was not clearly mistaken. In *Burleson*, the defendant hired someone to pour sulfuric acid over the heads of his former wife and her boyfriend. The person the defendant hired carried out the crime; the defendant was apprehended and entered a plea to two counts of mayhem. The trial court sentenced Burleson to forty years of imprisonment, two maximum consecutive sentences. Burleson appealed his sentence as excessive, and the supreme court found that the sentence was not clearly mistaken. *Id.* at 1197, 1200–02. It appears to us that the *Burleson* case is similar in many ways to Marzak's. Although there are certainly some distinguishing features, both cases involve a defendant contracting with another person to seriously injure another for revenge. There were ultimately two victims in each case. Burleson told the man he hired that he would get more money if he killed the wife's boyfriend. *Id.* at 1197. Here, Marzak hired Taylor specifically to kill Twogood. Burleson had no prior record, although he was diagnosed in a psychological report of having an "explosive personality." *Id.* at 1201. As we have previously pointed out, Marzak had two felony convictions for theft in the second degree. We therefore see Marzak's case as comparable with Burleson. If anything,

many of the distinctions seem to run against Marzak.

Another case which appears similar to the present case is *Helmer v. State*, 616 P.2d 884 (Alaska 1980). Helmer was convicted of rape, assault with intent to kill, and burglary for raping and repeatedly striking a fourteen-year-old girl on the head with a fireplace poker. The girl lost her right eye as a result of the attack. In *Helmer*, the trial judge imposed a sentence of thirty years of imprisonment. *Id.* at 885. The supreme court concluded that this sentence was clearly mistaken and reduced the sentence to twenty-five years. *Id.* at 885–87. Helmer, however, was only seventeen years of age at the time of the offenses and did not have any prior criminal record. The crime appeared to be completely out of character and inexplicable. Helmer also appeared to have committed his crime without any preplanning. *Id.* at 886. Given all of these factors, Helmer's case seems much more mitigated than Marzak's. On balance, we see the decision in *Helmer* as supporting Judge Johnstone's sentence in this case. We conclude that the sentence was not clearly mistaken.

AFFIRMED.