Annie SHINAULT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10358.

Court of Appeals of Alaska.

May 27, 2011.

Janella K. Combs, Johnson & Combs, P.C., Kodiak, for the Appellant.

Ben Hofmeister, Assistant Attorney General, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Annie Shinault is challenging the sentence she received for her participation with her co-defendants Douglas McClain and Brenda Cleveland in the torture and abuse of two women.

### Background

McClain became convinced that a prostitute named M.J. had stolen crack, a pistol, a cell phone, and car keys from him when she came to his trailer to perform sexual services. He also believed that M.J. then urged

her friends to rob him at gunpoint, stealing approximately $8,000 from him. McClain's friend and co-defendant, Annie Shinault, picked up M.J. off the streets a few days later and took her to McClain's trailer. Over the following three days, M.J. was beaten, tortured, and sexually abused by McClain, Shinault, and a third co-defendant, Cleveland.

Another woman named V.B. came by to help clean up McClain's trailer in exchange for drugs while M.J. was there. V.B. stole a crack pipe and some rolls of quarters from McClain. Shinault, Cleveland, and McClain then subjected V.B. to similar beatings and abuse.

Shinault was convicted of several crimes against M.J., including kidnapping, first-degree sexual assault, fourth-degree assault, and harassment. She was also convicted of misconduct involving weapons (for being a felon in possession of a concealable firearm) and fourth-degree assault committed against V.B. Superior Court Judge Patrick J. McKay imposed a composite sentence of fifty-one years and 270 days' imprisonment.

Shinault had at least two prior felony convictions, so the presumptive range for her first-degree sexual assault conviction was forty to sixty years' imprisonment.[1] The judge imposed a forty-year sentence on this count, the minimum sentence within the presumptive range.

### Discussion

■ Before the sentencing hearing, Shinault submitted a request for Judge McKay to find a mitigating factor, based on AS 12.55.155(d)(2). This subsection allows a sentence below the presumptive range if "the defendant, although an accomplice, played only a minor role in the commission of the offense." [2]

The judge denied Shinault's request, and she now appeals this ruling. We must review Judge McKay's factual findings for clear error, but we independently determine whether, given these findings, the evidence establishes this mitigating factor.[3]

■ Mitigating factor (d)(2) is not intended to undermine the law on complicity.[4] A defendant is not entitled to a mitigated sentence merely because they act as an accomplice.[5] In order to rely on this factor, the sentencing judge must be clearly convinced that the defendant played only a minor role in the offense under consideration.[6]

In this case, Shinault brought Cleveland and M.J. to McClain's trailer, where M.J. was beaten and tortured. The sexual assault conviction was based on Shinault's conduct after M.J. was forced to strip off her clothes, whipped with a belt, and taken to a back bedroom. Then Shinault said to Cleveland, "I want to see you fuck her with something." In response, Cleveland put on a leather glove, put some Vaseline on it, and shoved her hand into M.J.'s anus, hard enough to make her cry. Then Cleveland made M.J. lick the glove.

Judge McKay found that Shinault had been an active participant in M.J.'s abuse, beginning with her delivery of M.J. to McClain for retaliation. The judge found that M.J. had been tortured, and that Shinault participated actively by burning her with a crack pipe and putting a sock in her mouth. He found that Shinault had not merely encouraged Cleveland, but rather that Shinault had almost directed Cleveland

1. AS 12.55.125(i)(1)(E); AS 12.55.185(17).

2. AS 12.55.155(d)(2).

3. *Michael v. State*, 115 P.3d 517, 519–20 (Alaska 2005).

4. *See* AS 11.16.110 ("A person is legally accountable for the conduct of another constituting an offense if ... with intent to promote or facilitate the commission of the offense, the person ... aids or abets the other in planning or committing the offense.").

5. *See Marzak v. State*, 796 P.2d 1374, 1376 (Alaska App.1990) (rejecting this factor where defendant arranged to have a co-defendant kill an adverse witness); *Hale v. State*, 764 P.2d 313, 314, 316 (Alaska App.1988) (rejecting this factor where the defendant procured the weapon used in an armed robbery and planned the offense); *Abdulbaqui v. State*, 728 P.2d 1211, 1215 (Alaska App.1986) (rejecting this factor where the defendant acted as a lookout for a store robbery).

6. AS 12.55.155(d)(2), (f)(1).

to sexually assault M.J. He found that Cleveland's decision to shove the soiled glove in M.J.'s mouth was horrific, and that Shinault's amusement during this assault was disgusting.

We conclude that Judge McKay's findings are reasonably supported by the trial testimony. We likewise agree that, under these circumstances, Shinault failed to establish that she played only a minor role in this offense.

■ Shinault also argues that Judge McKay should have *sua sponte* referred her case to the three-judge sentencing panel for consideration of a sentence below the presumptive range. Under AS 12.55.165, a sentencing judge is to refer a defendant's sentencing to the three-judge panel if the judge finds "that manifest injustice would result from ... imposition of a sentence within the presumptive range, [even after the sentence is] adjusted for [proven] aggravating or mitigating factors." In other words, this statute directs a sentencing judge to refer a defendant's case to the three-judge panel if, given the applicable presumptive range of sentences and given the amount of adjustment that the judge is authorized to make for aggravating and mitigating factors, the judge concludes that any sentence within his or her authority would be manifestly unjust under the circumstances of the defendant's case.[7]

Because Shinault was a third felony offender for presumptive sentencing purposes, she faced a presumptive range of forty to sixty years' imprisonment for the crime of first-degree sexual assault. Shinault did not prove any mitigating factors, so the forty-year floor of the presumptive range was effectively the minimum sentence that Judge McKay could impose for the sexual assault. Shinault was separately convicted of kidnapping, an unclassified felony with a mandatory minimum sentence of five years' imprisonment.[8] Under AS 12.55.127(c)(2)(B), Judge

McKay was obliged to make at least five years of Shinault's kidnapping sentence consecutive to her sexual assault sentence. Thus, Judge McKay was required to sentence Shinault to a minimum of forty-five years' imprisonment.

Shinault contends that Judge McKay committed plain error when, even in the absence of a defense request, he failed to see that any sentence within his authority would be manifestly unjust and that Shinault's case should therefore be referred to the three-judge panel. But even though Shinault describes this alleged error as Judge McKay's failure to refer her case to the three-judge panel, as we explain below, Shinault is actually arguing that her sentence is excessive.

Judge McKay's failure to refer Shinault's case to the three-judge sentencing panel would constitute plain error only if all competent judges would conclude that it was manifestly unjust to sentence Shinault to even the most lenient term of imprisonment available to Judge McKay.[9] In other words, if we were to grant relief to Shinault (*i.e.*, if we were to order the transfer of her case to the three-judge panel), we would effectively be declaring that any sentence of forty-five years or more was "manifestly unjust," given the circumstances of her case.

We can perceive no principled distinction between (1) holding that any sentence of forty-five years or more is "manifestly unjust" and (2) holding that any sentence of forty-five years or more is "clearly mistaken" under the sentencing criteria codified in AS 12.55.005.

Indeed, in *Harapat v. State*,[10] this court explained that these two concepts are one and the same:

> When a defendant seeks referral to the three-judge panel on the theory that any sentence within the range allowed to a single sentencing judge under the pre-

7. *Harapat v. State,* 174 P.3d 249, 253–54 (Alaska App.2007).

8. AS 11.41.300(c); AS 12.55.125(b).

9. *See generally Simon v. State,* 121 P.3d 815, 820 (Alaska App.2005) ("To be 'plain error', an error must be so obvious that any competent judge or

attorney would have recognized it. If a claim of error is reasonably debatable—if reasonable judges could differ on what the law requires—then a claim of plain error fails." (footnote omitted)).

10. 174 P.3d 249.

sumptive sentencing law would still be manifestly too severe, the sentencing judge must undertake an analysis of the lower end of the sentencing range allowed by the presumptive sentencing law—either the presumptive term itself (if no statutory mitigators are proved), or the utmost adjustment that is possible under AS 12.55.155(a) based on statutory mitigators. The question to be answered is whether this lowest allowed sentence would still be clearly mistaken under the sentencing criteria first announced by the supreme court in *State v. Chaney* [477 P.2d 441 (1970)] and now codified in AS 12.55.005.[11]

Thus, the question, "If Shinault received a sentence of forty-five years or more, would that sentence be manifestly unjust?" is legally equivalent to the question, "If Shinault received a sentence of forty-five years or more, would that sentence be clearly mistaken under Alaska's sentencing criteria?" This court has no jurisdiction to answer this latter question.

A sentence of forty-five years to serve lies within the forty- to sixty-year presumptive range of sentences for Shinault's sexual assault conviction. Alaska Statute 12.55.120(e) declares, "A sentence within an applicable presumptive range set out in AS 12.55.125 ... may not be appealed to the court of appeals under [AS 12.55.120] or AS 22.07.020 on the ground that the sentence is excessive." (Instead, the defendant only has the right to petition the Alaska Supreme Court for discretionary review of the sentence.) Thus, if Shinault had received this minimum forty-five-year sentence, and if she wished to argue that this sentence was excessive, this court would lack jurisdiction to adjudicate Shinault's claim.[12]

But Shinault's contention that Judge McKay should have referred her case to the three-judge sentencing panel rests on exactly the same underlying claim: the assertion that even a sentence of forty-five years (the least severe sentence available to Judge McKay) was clearly mistaken under the *Cha-*

*ney* sentencing criteria. And because the underlying claim is the same, this court's jurisdiction to resolve that claim—or, rather, our lack of jurisdiction to resolve that claim—is also the same.

We have no jurisdiction to grant relief to Shinault—no authority to declare that Shinault's case should be referred to the three-judge panel on the ground that even a sentence of forty-five years to serve was clearly mistaken. We likewise have no authority to declare that such a sentence was not clearly mistaken (and that Judge McKay therefore committed no error when he failed to refer Shinault's case to the three-judge panel).

Because this court lacks jurisdiction to resolve this issue, we conclude that Shinault's only avenue for seeking relief is to petition the Alaska Supreme Court to exercise its power of discretionary sentence review.

### Conclusion

Accordingly, we REFER the appellant's excessive sentence claim to the Alaska Supreme Court pursuant to Alaska Appellate Rule 215(k). We AFFIRM the remaining aspects of the superior court's judgment and sentence.

---

11.  *Id.* at 254 (footnote omitted).

12.  *See* AS 22.07.020(b), which declares that this court has jurisdiction to hear appeals of felony

sentences that exceed two years to serve "except as limited by AS 12.55.120."