**Michael B. KNIPE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10886.

Court of Appeals of Alaska.

July 19, 2013.

---

**20.** See the discussion of this point in *Riley v. State,* 60 P.3d 204, 210 (Alaska App.2002).

**21.** *Wahrer,* 901 P.2d at 444.

Dan S. Bair, Assistant Public Advocate, Appeals & Statewide Defense Section, and Richard Allen, Alaska Public Advocate, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge and BOLGER, Supreme Court Justice.*

## OPINION

Judge ALLARD.

Michael B. Knipe pled guilty to one count of sexual abuse of a minor in the first degree for sexually penetrating his three-year-old cousin.[1] A first-time felony offender, Knipe faced a presumptive range of 25 to 35 years. At sentencing, Knipe requested that the superior court refer his case to the statewide three-judge sentencing panel on the ground that any term within the presumptive sentence would be manifestly unjust as applied to him. Superior Court Judge Eric A. Smith denied the request and sentenced Knipe to 30 years with 5 years suspended, 25 years to serve, the lowest presumptive term available. Knipe now appeals. For the reasons discussed below, we conclude that we have jurisdiction to hear Knipe's appeal and further conclude that the superior court was not clearly mistaken in refusing to send Knipe's case to the three-judge panel.

### Underlying facts

In November 2008, twenty-two-year-old Michael Knipe, who has been diagnosed with borderline intellectual functioning, was living with his uncle and his uncle's family, which included Knipe's three-year-old cousin C.T. In the early hours of November 10, a family friend staying in the house heard C.T. crying and found her in the bathroom with Knipe, whose shirt was off and whose pants were unzipped. C.T. had blood on her pants and shirt. The police were called and they interviewed Knipe, who told them he put his finger in C.T.'s vagina, causing C.T. to bleed profusely.

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

1. AS 11.41.434(a)(1).

C.T. was transported to the Children's Place where she was interviewed and received medical attention. There was a significant laceration to her vaginal area, similar to the type of injury that can result from a woman giving birth. The injury required surgical repair, including two layers of sutures.

Knipe was charged with three counts of first-degree sexual abuse of a minor for knowingly engaging in sexual penetration with C.T., a victim under thirteen years of age.[2] Knipe subsequently pleaded guilty to one count of first-degree sexual abuse of a minor pursuant to a plea agreement. The State agreed not to file any aggravating factors and agreed to dismiss the remaining counts. Sentencing was otherwise open.

*Sentencing*

Knipe's prior criminal history was limited to a shoplifting incident. As a first felony offender, Knipe faced a presumptive range of 25 to 35 years.[3]

In her sentencing memorandum, Knipe's attorney focused on Knipe's low intellectual functioning and his childhood history of sexual abuse and neglect, which included being allegedly sexually abused by his uncle, C.T.'s father. Knipe's attorney also emphasized Knipe's lack of criminal history and the alcohol-related nature of his actions. She requested that the superior court refer Knipe's case to the statewide three-judge sentencing panel on the ground that any term within the presumptive range would be "manifestly unjust" as applied to Knipe.

In support of the referral request, Knipe's attorney provided a psychological evaluation conducted by Dr. Bruce Smith, who had been hired to provide "a current opinion as to [Knipe's] intellectual functioning and capacity to form judgments." Dr. Smith's evaluation detailed a history of special education placement, prior diagnoses of mental retardation, attention deficit hyperactivity disorder, and emotional disturbance, and Dr. Smith's suspicion that Knipe suffered from fetal alcohol

effect. Dr. Smith's test results confirmed that Knipe performs in the borderline range of intellectual functioning with a measured IQ of 70.

Dr. Smith found that Knipe "has a very simplistic view of the world and is highly dependent on the people around him for many of his choices or decisions." Dr. Smith also found that Knipe was "searching for answers to questions about his own abuse and his abuse against his victim." Dr. Smith's evaluation did not include any predictions regarding Knipe's likelihood of recidivism or the degree of his amenability to treatment, other than to note that Knipe's treatment would require referrals to specialized agencies so that "the treatment concepts can be broken down to an understandable level for him."

The presentence report also provided details about Knipe's low intellectual functioning and traumatic childhood, noting that the alleged sexual abuse by his uncle, C.T.'s father, was considered "substantiated" by the Office of Children's Services.

At the sentencing hearing, Superior Court Judge Eric A. Smith expressed frustration that Dr. Smith's evaluation had not included a sex offender risk assessment or any specific evaluation of Knipe's rehabilitation potential. The court characterized Knipe's request for referral to the three-judge panel as presenting a "colorable argument," and stated that the factors Knipe raised were "legitimate factors." But it ultimately found that Knipe had not presented clear and convincing evidence that a sentence within the presumptive range would be "manifestly unjust" as applied to him, particularly given the severity of the physical injury to C.T. and the seriousness of the emotional and physical harm caused to a very young child.

Judge Smith therefore sentenced Knipe to 30 years with 5 years suspended, 25 years to serve, a sentence at the lowest end of the presumptive range.[4]

*Our jurisdiction to hear Knipe's appeal*

---

**2.** *Id.*

**3.** AS 12.55.125(i)(1)(A)(i).

**4.** *See* AS 12.55.125(i)(1)(A)(i); AS 12.25.125(*o*) (requiring presumptive sentence for an unclassified sex felony to also include at least 5 years suspended time and at least 15 years probation).

Under AS 12.55.120(e), a sentence within the applicable presumptive range "may not be appealed to the court of appeals ... on the ground that the sentence is excessive."[5] In *Shinault v. State,* we held that we had no jurisdiction under AS 12.55.120(e) to hear Shinault's plain error argument that the sentencing judge should have *sua sponte* referred her sexual assault and kidnapping case to the three-judge panel on "manifest injustice" grounds.[6] We concluded that there was "no principled distinction" between the plain error "manifestly unjust" argument that Shinault advanced on appeal and her more straightforward excessiveness argument, which she acknowledged we did not have jurisdiction to hear under AS 12.55.120(e) and requested be forwarded as a petition to the Alaska Supreme Court.[7]

Our decision in *Shinault* was issued during the original briefing in this case. In his reply brief, Knipe questioned whether our holding in *Shinault* precluded our hearing his appeal on jurisdictional grounds. Because this issue was raised for the first time in Knipe's reply brief, and because the issue involved this Court's subject-matter jurisdiction, we asked the parties to file supplemental briefs on this issue.

In his supplemental brief, Knipe urges this Court to overrule *Shinault.* He cites to legislative history that supports his position that the jurisdictional limitations of AS 12.55.120(e) were intended to apply to excessive sentence claims only.[8]

We also note that the plain language of the AS 12.55.120(e) refers to appeals of sentences "on the ground that the sentence is excessive" and that this phrase is a term of art under the appellate rules. Appellate Rule 215(a) distinguishes between "appealing a sentence on the ground that the sentence is excessive" and "appealing a sentence on grounds other than excessiveness, including but not limited to: illegality of the sentence;

erroneous findings by the trial court that affect the statutory range of sentences to which the defendant is subject; and procedural errors in the sentencing proceeding."[9]

In its supplemental briefing, the State acknowledges that the legislative history refers only to excessiveness claims and does not mention sentence appeals based on the three-judge panel referral process. But the State argues that *Shinault* is consistent with the legislature's overall intent to limit review of sentences within the presumptive ranges. The State therefore argues that *Shinault* was correctly decided and that its holding precludes our review of Knipe's appeal.

We decline to overrule *Shinault* in the context of this case, in part because we read its holding more narrowly than the parties. We view *Shinault*'s holding as limited to cases in the same procedural posture as *Shinault*—that is, to cases where the "manifest injustice" argument is raised as a matter of plain error. Because Shinault never requested a referral to a three-judge panel (or presented any arguments or evidence about why a referral was appropriate in her case), her "manifest injustice" claim on appeal was essentially that any competent judge would have *sua sponte* recognized that she deserved to be sentenced below the presumptive range. As we noted at the time, this argument was virtually indistinguishable from the excessive sentence claim that Shinault was also making.

Here, unlike in *Shinault,* Knipe requested a referral to the three-judge panel, and he provided legal and factual arguments as to why he believed a referral was appropriate in his case. The trial court then made specific findings of fact and rulings of law related to Knipe's request that are now part of the record on appeal, and that form the basis for our review of the trial court's decision. Unlike in *Shinault,* Knipe's "manifest injustice" claim is not simply an alternative way of

---

5. We note that there have been recent challenges to the constitutionality of AS 12.55.120(e) that are currently being litigated in other cases before us.

6. 258 P.3d 848, 850–51 (Alaska App.2011).

7. *Id.; see also* Appellate Rule 215(k).

8. *See, e.g.,* Minutes of House Judiciary Committee, Senate Bill 56, testimony of Deputy Attorney General Susan Parkes, 2:17–2:22 pm (Jan. 31, 2005).

9. Appellate Rule 215(a)(1)-(2).

raising an excessive sentence claim. We conclude that the restrictions contained in AS 12.55.120(e) are therefore not implicated by our review of this case.

Having determined that we have jurisdiction to hear Knipe's sentence appeal, we now turn to the merits of his claim.

*Why we conclude that Judge Smith was not clearly mistaken in denying Knipe's request for a referral to the three-judge panel*

■ As a first felony offender convicted of first-degree sexual abuse of a minor under thirteen years old, Knipe faced a presumptive range of 25 to 35 years and a maximum term of 99 years.[10] Because there were no statutory mitigating or aggravating factors in Knipe's case, the superior court was required to sentence Knipe within the presumptive range unless it granted Knipe's request for a referral to the statewide three-judge panel.[11]

To obtain a referral to the three-judge panel, a defendant must prove by clear and convincing evidence either (1) that manifest injustice will result from failure to consider a relevant non-statutory mitigating factor such as extraordinary potential for rehabilitation; or (2) that a sentence within the applicable presumptive range would be manifestly unjust, *i.e.* plainly unfair, as applied to this particular defendant.[12] Knipe requested a referral to the three-judge panel on the ground that a sentence within the presumptive range would be manifestly unjust as applied to him; he did not argue extraordinary potential for rehabilitation or any other non-statutory mitigating factor.

A referral to the three-judge panel is reserved for exceptional cases.[13] The presumptive range represents the legislature's assessment of the seriousness of an offense and the appropriate penalty for the "typical offender within that category."[14] For a pre-

sumptive sentence to be "manifestly unjust" as applied to a particular defendant, there must be "specific circumstances that make the defendant significantly different from a typical offender within that category or that make the defendant's conduct significantly different from a typical offense."[15]

Here, Knipe argued that it would be manifestly unjust to impose 25 years to serve in his case given his low cognitive functioning, his childhood history of neglect and sexual abuse, his lack of criminal history, and his youth. The superior court carefully considered these factors and indicated that Knipe was raising a colorable claim. In denying Knipe's request for a referral to the three-judge panel, the superior court focused on the severity of the injury to a very young child and Knipe's failure to produce a sex offender assessment or any other evaluation of his rehabilitation potential.

We review a sentencing court's refusal to refer a case to the three-judge panel based on the totality of circumstances and will reverse only if the decision was clearly mistaken.[16] Having independently reviewed the record and the facts of this case, we conclude that the superior court's refusal to send Knipe's case to the three-judge panel was not clearly mistaken.

*Conclusion*

We AFFIRM the judgment of the superior court.

---

**10.** AS 12.55.125(i)(1)(A)(i).

**11.** *See* AS 12.55.165(a).

**12.** *See id.; Manrique v. State,* 177 P.3d 1188, 1193 (Alaska App.2008); *Kirby v. State,* 748 P.2d 757, 761–62 (Alaska App.1987).

**13.** *Beltz v. State,* 980 P.2d 474, 480 (Alaska App. 1999).

**14.** *Id.*

**15.** *Id.*

**16.** *Bossie v. State,* 835 P.2d 1257, 1259 (Alaska App.1992).